STATE v. DUNCAN HAZELL.

*Judgment— Verdict, Special.*

1. In criminal actions there is no appeal, except from *final* judgments.
2. A recital in the record, upon the return of a special verdict, "that the Court being of opinion that upon this state of facts the defendant is not guilty, the verdict is so entered," is not such a judgment as will support an appeal.

(*State* v. *Saunders,* 90 N. C., 651; *State* v. *Bailey,* 65 N. C., 426; *State* v. *Wiseman,* 68 N. C., 203, cited and approved).

This was a CRIMINAL ACTION, tried before *Clark, Judge,* at Spring Term, 1886, of ALAMANCE Superior Court.

The facts upon which the opinion proceeded are stated therein.

The *Attorney-General,* for the State.
*Mr. Jas. E. Boyd,* for the defendant.

STATE *v.* HEDRICK.

ASHE, J. The defendant was charged with selling spiritous liquors by the measure less than a gallon, to-wit: by the quart, to one John A. Warren, on the first day of January, 1885, the said Hazell not having then and there a license to retail spiritous liquor by the measure as aforesaid. The defendant pleaded not guilty, and the case was submitted to a jury who returned a special verdict finding the facts of the case which it is needless to set forth. Immediately following the verdict in the case on appeal it is stated: "The Court being of the opinion that upon this state of facts the defendant is not guilty, the verdict is so entered and thereupon the State appealed to this Court."

The opinion of the Court upon the finding of the jury is the only semblance of a judgment that appears in the case. The record does not show that any judgment was rendered in the case upon the findings of the jury, and this statement, in the case on appeal of the Judge, that "upon this state of facts the defendant is not guilty and that the verdict is so entered," cannot be taken as a judgment. In a criminal action there is no appeal save from a final judgment. And when the record does not show a final judgment the appeal will be dismissed. *State* v. *Sanders*, 90 N. C., 651; *State* v. *Bailey*, 65 N. C., 426; *State* v. *Wiseman*, 68 N. C. 205.

This appeal must therefore be dismissed.

No error. Dismissed.