STATE v. LAFAYETTE NASH.

*Liquors—Prohibition Laws—Special Verdict.*

1. Where a special verdict is returned, no appeal lies until there has been a judgment entered on the verdict.

2. Under the provisions of ch. 32 of *The Code,* the sale of domestic wine is not prohibited.

3. It is intimated that the provision of ch. 32 of *The Code,* allowing the sale of home-made wine, while prohibiting that raised in other States, is unconstitutional.

4. Where an act made the sale of wines imported from other States a misdemeanor, but allowed the sale of domestic wine; *It was held,* that although the provision in regard to domestic wine might be unconstitutional, yet it did not make the sale of such wines a misdemeanor under the act, but that the provision in regard to foreign wines might be inoperative.

5. *Quære,* whether an act which forbids the sale of spirituous liquors, includes in its inhibition the sale of vinous and malt liquors.

(*State* v. *Lockyear*, 95 N. C., 633; cited and approved).

INDICTMENT, heard before *Philips, Judge,* and a jury, at July Criminal Term, 1886, of WAKE Superior Court.

The defendant is charged with selling spirituous liquors in a township in which prohibition prevails, in violation of §3116 of *The Code.* Upon the trial of his plea of not guilty, the jury rendered a special verdict in these terms: "At an election regularly called and held in Raleigh township, in said county, on the first Monday in June, 1886, under the provisions of chapter 32, vol. 2, of *The Code,* to ascertain whether spirituous liquors might be sold in said township, a majority of the qualified voters of said township voted tickets on which was written the word, "Prohibition;" and that no election has since been held reversing said election, and the result of said election in favor of prohibition was duly declared by lawful authority two days thereafter.

"That on the 15th day of July, 1886, the defendant sold to the witness for the State, who was of full age, a corked and sealed bottle of wine, manufactured in this State, from grapes raised in this State and containing no foreign admixture of spirituous liquor, but deriving its ardent spirit from vinous fermentation only, and the same was not sold to be drunk on the premises where sold, and was not drunk thereon.

"If, upon these facts, the Court be of opinion that the defendant is guilty, then the jury so find for their verdict; but

if the Court be of a contrary opinion, then the jury for their verdict find the defendant not guilty."

The Court adjudged the defendant not to be guilty, and the State appealed.

*The Attorney-General*, for the State.
*Messrs. E. R. Stamps* and *R. T. Gray*, for the defendant.

SMITH, C. J., (after stating the facts). The record has the same defect that was found to exist in the case of the *State* v. *Lockyear*, 95 N. C., 633, and must be disposed of in the same manner. The action of the Court perfects the verdict by removing that which made it conditional, and as in case of a general verdict, calls for a judgment discharging the defendant, if there are no other charges against him requiring a further detention.

The argument has been, however, upon the merits, the liability of the defendant to a criminal prosecution upon the facts found; and as the question is one of public interest and ought to be settled, we will proceed to express the conclusion at which we have arrived, as was done in the former case.

The section (3116) which makes the selling of any "spirituous liquor" within a prohibited district a misdemeanor, is part of chapter 32 of *The Code*, and the first section thereof (3110), in express terms, sanctions the sale of "wines from grapes, blackberries, currants, gooseberries, raspberries and strawberries manufactured in this State from fruit raised in the State," when "sold in bottles corked or sealed up and not to be drunk on the premises," and which wines do not "contain any foreign admixture of spirituous liquors" and "derive their ardent spirit from vinous fermentation."

The special verdict finds all the conditions necessary for exoneration in the act imputed as criminal. The statute does not, therefore, punish the act of the defendant, and, as modified, has no application to what he did. The Attorney-

General urges that this qualifying portion of the enactment is in conflict with the Constitution of the United States in discriminating in favor of home products, and, therefore, being void, leaves the other section in operation. But these consequences do not follow. The discrimination may be inoperative when it affects injuriously the interests and rights of those who undertake to dispose of similar products of other States introduced into this, but it cannot lop off an essential exception or qualification of the penal statute, and leave the penal part of it in force. It must stand or fall in the form which the legislative will has assumed, and the sale of such wines as are described is not prohibited. The invalidity of an essential interwoven part of the enactment may avoid it altogether, where it is sought to be enforced against one who sells similar wines manufactured in another State, but this unauthorized discrimination cannot, in disregard of the legislative intent, render that an offence not made such in the act itself.

The argument at the bar has been principally directed to an inquiry as to the meaning of the term "spirituous liquors," in which we do not propose to follow, further than to say, the inclination of our opinion, in construing this penal enactment in connection with the use of the words in other parts of *The Code*, is to confine it to such liquors as are formed from distillation, and not to extend it to such as generate alcohol by vinous fermentation only, according to the definitions given both by Dr. Webster and Dr. Worcester in their dictionaries. But we leave the point undecided, and open for a fuller consideration, when it shall be directly presented and require determination.

But the appeal must be dismissed, and this will be certified for final judgment in the Court below.

Dismissed.