In the Matter of the Application of COLONEL J. A. BAER, General Staff Corps, Petitioner, for the Release of Technical Sergeant JOSEPH B. WEGENER from the Custody of the Warden of the City Prison of the City of New York, Respondent.

Supreme Court, Special Term, New York County, April 15, 1943.

*Captain Robert Carey, Jr.,* Judge Advocate's Branch, Second Service Command, U. S. Army, for petitioner.

*Frank S. Hogan, District Attorney (Whitman Knapp* of counsel), for respondent.

BENVENGA, J.   The return of the writ of habeas corpus shows that the prisoner, a technical sergeant in the United States Army Air Corps, was committed for examination by a City Magistrate on a charge of felonious assault upon a civilian. The petition for the writ, signed by Col. J. A. Baer, Chief of Staff, Second Service Command, alleges that, by reason of military security, it is imperative that the prisoner be delivered to the custody of his commanding officer.   The demand for the prisoner's release, among other things, asserts that the prisoner will be held to account for such infractions of military or civil law as may be established against him.

The question presented is whether, in the circumstances, the civil authorities may refuse to deliver the prisoner to the custody of the military authorities for trial.

There can be no doubt that the crime charged is within the jurisdiction of both the civil and military authorities (Penal Law, §§ 240–243; U. S. Code, tit. 10, §§ 1564, 1565, 1568).   Nor can there be any doubt that, under certain circumstances, the military courts have exclusive jurisdiction to try and punish persons subject to military law for offenses committed by them, as, for instance, where the offense is committed in time of war in enemy country.   (*Coleman* v. *Tennessee,* 97 U. S. 509, 515.) Nevertheless, as a general rule, the jurisdiction of civil and military tribunals is concurrent, and not exclusive.   (*Caldwell* v. *Parker,* 252 U. S. 376, 385, 388.)   '' Undoubtedly the general rule is that the jurisdiction of civil courts is concurrent as to offenses triable before courts-martial.''   (*Franklin* v. *United States,* 216 U. S. 559, 568.) ·

So, as a general rule, the civil courts, in time of peace, have priority in the exercise of jurisdiction, while the military tribunals, in time of war, may assert priority.   This general rule has been held to follow from the history and construction of the Articles of War, particularly section 1546 of title 10 of the United States Code (*Ex Parte King,* 246 F. 868, 870, 873; *United*

*States* v. *Hirsch*, 254 F. 109, 111; *Funk* v. *State*, 84 Tex. Cr. 402, 405; *People* v. *Denman*, 179 Cal. 497, 502; 6 C. J. S., Army and Navy, § 38), which section, so far as material, is as follows: "When any person subject to military law * * * is accused of a crime or offense committed within the geographical limits of the states of the Union * * * and punishable by the laws of the land, the commanding officer is required, *except in time of war*, upon application duly made, to use his utmost endeavor to deliver over such accused person to the civil authorities, or to aid the officers of justice in apprehending and securing him, in order that he may be brought to trial." (Italics supplied.)

In *Caldwell* v. *Parker* (*supra*) it was held that a State court had jurisdiction, in time of war, to try and to punish a soldier for the murder of a civilian at a place within its territorial jurisdiction, and that jurisdiction had not been vested exclusively in a military court-martial. In that case, there was no demand by the military authorities for the surrender of the accused. Hence, the question of what would have been the effect of such demand, if made, was not considered (see 252 U. S., p. 380).

However, the problem was directly involved in *Ex Parte King* (246 F. 868, *supra*). There, a soldier, during the first World War, shot and killed a policeman. While being held in a county jail on a charge of murder, a writ of habeas corpus was sued out in his behalf. The prisoner's commanding officer demanded that he be delivered to the military authorities for trial. In ruling that the military authorities, in time of war, had superior jurisdiction of the offense, the court held that under the Articles of War "the civil authorities in time of war had no right to withhold a soldier accused of a crime from the military authorities, or to demand him from them in order to try him for an offense against the criminal laws of the land."

This ruling was based not only upon the history of section 1546, but also upon the decision of Mr. Justice FIELD in the leading case of *Coleman* v. *Tennessee* (*supra*). Speaking of section 1546, the learned District Judge, in the *King* case, held that the provision " had application only to time of peace "; that " by virtue thereof in time of peace the military authorities were bound to give way to the civil "; that it is " an unescapable implication " from the exception in section 1546 " not only that the military authorities have the prior right to try him for the offense of which he is accused, but that they have the right to withhold him from the civil authorities and keep

him in the army under all circumstances during the pendency of the war."

In short, as pointed out in *United States* v. *Hirsch* (254 F. 109, *supra*), the "evident purpose" of section 1546 is "to give the military officers discretion in war time as to whether a person should be delivered, but to make such delivery compulsory when the nation is not at war."

It follows, therefore, that the writ of habeas corpus should be sustained and the prisoner delivered to the custody of the military authorities.