STATE v. DEWEY F. INMAN AND RUSSELL A. STARK.

(Filed 18 October, 1944.)

**1. Courts § 9—**

   The Articles of War—92 referring to murder and rape, and 93 referring to various crimes (including robbery)—do not confer upon military courts an exclusive jurisdiction to try members of the U. S. Army for such offenses committed within the State and beyond the exclusive territory under the immediate control of the military authorities, even in time of war, the State courts and military courts having concurrent jurisdiction of such offenses.

**2. Criminal Law § 68b—**

Upon the arrest and indictment for rape and robbery of members of the U. S. Armed Forces by State authorities, the crimes allegedly having been committed beyond the territory under the immediate control of the military authorities, an appeal by defendants from an adverse ruling on their objection to the jurisdiction is premature. The practice is to note the objection and preserve the exception upon appeal from the final judgment. G. S., 15-180; G. S., 15-181.

**3. Criminal Law § 67—**

Appeals in criminal cases in this jurisdiction are wholly statutory.

**4. Prohibition, Writ of, § 2—**

The writ of prohibition is considered discretionary and has been uniformly denied where there is other remedy.

APPEAL by defendants from *Bone, J.,* at July Term, 1944, of LEE.

Dewey F. Inman and Russell A. Stark are, and were at all times hereinafter mentioned, enlisted men in the United States Army, serving in the 87th Infantry Division, 517th Parachute Infantry, at Camp Mackall in Richmond County. While on a furlough permitting them to go beyond the bounds of the military establishment, they entered Lee County, North Carolina, some fifty miles from Camp Mackall. They are charged with having committed the crimes of rape upon the person of Mrs. Louise Burns and of highway robbery of jewelry and money from the person of the said Burns. Upon the warrant charging these offenses, they were arraigned before the county recorder's court of Lee County for a preliminary hearing. At that hearing demand was made for the surrender of the prisoners to the military authorities for trial by court martial under the Articles of War. The recorder, sitting as a committing magistrate, conceiving that the matter would be more properly addressed to the Superior Court, denied the request; and finding probable cause, sent the case on to the Superior Court for trial, remanding the prisoners to jail. Bills of indictment were found in the Superior Court, charging each of the defendants with the crimes of rape and robbery from the person, as above stated.

At the ensuing regular term of the Superior Court of Lee County, Judge Walter J. Bone presiding, the prisoners were brought into open court, attended by their counsel. At that time Lt. Col. George W. Weeks, JAGD, Staff Judge Advocate of the 87th Infantry Division, made and filed in writing a request for the release of the prisoners to the military authorities.

STATE *v.* INMAN.

STATE OF NORTH CAROLINA              IN THE SUPERIOR COURT OF
LEE COUNTY                          LEE COUNTY

STATE
vs.                    REQUEST FOR RELEASE OF MILITARY
DEWEY INMAN            PERSONNEL TO MILITARY AUTHORITIES
RUSSELL STARK

Lieutenant Colonel George W. Weeks, Staff Judge Advocate, 87th Infantry Division, under the authority imposed upon him by military law, hereby requests the immediate release of Private Dewey Inman and Private Russell Stark, 517th Parachute Infantry, Camp Mackall, North Carolina.

WHEREAS, Private Dewey Inman and Private Russell Stark are members of the military service, 517th Parachute Infantry, and have been in the military service prior to the date of the alleged commission of the offense charged and,

WHEREAS, Private Dewey Inman and Private Russell Stark are now in confinement in the County Criminal Court of Lee County, charged with rape and,

WHEREAS, Private Dewey Inman and Private Russell Stark, members of the military service, Army of the United States, did not plead guilty to the offenses,

Now, therefore, I, Lieutenant Colonel George W. Weeks, Staff Judge Advocate, 87th Infantry Division, Fort Jackson, South Carolina, pursuant to Title 10, Par. 1546, do request the return to military control of Private Dewey Inman, 517th Parachute Infantry, and Private Russell Stark, 517th Parachute Infantry, members of the military service, Army of the United States, and that they be placed in the custody of Lieutenant Colonel George W. Weeks, Staff Judge Advocate.

GEORGE W. WEEKS,
Lt. Col., J.A.G.D.,
Staff Judge Advocate,
87th Infantry Division.

Judge Bone denied this request.

At the same time, Inman and Stark filed separate pleas to the jurisdiction, of which the following is a copy of the plea of Inman:

NORTH CAROLINA                              IN THE SUPERIOR COURT
LEE COUNTY

STATE
    vs.               } PLEA TO THE JURISDICTION
DEWEY F. INMAN

The defendant above named, to wit: Dewey F. Inman before plea and before any trial was entered into in this cause, objects and excepts to the jurisdiction of this Court to further proceed with this matter or to entertain the same in any way, for that:

1. The alleged offense occurred while a state of war existed between the United States of America, Japan, Germany and other Nations, and the defendant is a member of the Armed Forces of the United States and is a soldier regularly enlisted and drafted in the Army of the United States.

2. That heretofore the United States by and through its proper constituted authorities have asserted primary jurisdiction of any offense committed by the defendant (and said defendant denies that he is guilty of having committed any offense): and the United States Army through its duly constituted authorities and the Military Authorities of the United States have asserted prior and primary and paramount jurisdiction, and demanded the person of this defendant of the authorities of Lee County, to try and to give him a trial for said alleged offense under Military Law; and for said reason this Court and any Civil Court is without any jurisdiction to hear and determine this action and is without jurisdiction to further proceed with, hear or determine this cause.

This July 20, 1944.

DEWEY F. INMAN, by K. R. HOYLE, Attorney.

Filed July 20th, 1944 at 11:30 A.M.

E. M. UNDERWOOD, Clerk of Superior Court.

Stark's plea is identical in character.

STATE *v.* INMAN.

Thereupon, Judge Bone entered the following order:

STATE OF NORTH CAROLINA                    IN THE SUPERIOR COURT
LEE COUNTY                                 JULY TERM, 1944

THE STATE OF NORTH CAROLINA ⎫
              vs.            ⎬     ORDER
DEWEY F. INMAN and RUSSELL   ⎪
     A. STARK, Defendants     ⎭

The defendants, Dewey F. Inman and Russell A. Stark, through their counsel file a written plea to the jurisdiction of this Court, which plea is among the papers in this case and speaks for itself as to its contents. Upon said motion the Court finds that the facts alleged in the first paragraph thereof are true. The Court further finds that no written request has been filed with this Court by the military authorities for the release or surrender of the defendants, and further, that no oral request for such release for surrender has been made by any of the military authorities to the Judge Presiding over the present Term.

Counsel for the defendants contended that a request was made for the release or surrender of said defendants when the preliminary hearing was held in the County Criminal Court for Lee County, and proposed to offer some evidence in support of such contention. The Court declines to hear such evidence as being of the opinion that is unnecessary to make any find(ing) as to what occurred before the committing Magistrate at the preliminary hearing, in the absence of any written request having been filed by the military authorities, declines to hear such evidence, and that the defendants except.

Further, when the present term convened on Monday morning, it was stated to the Court by counsel for the defendants that the military authorities would desire to be heard upon the motion or request for release or surrender of the defendants. Whereupon the Court set Tuesday morning, July the 18th, at 9:30 a.m. as the time for the hearing of such motion or request if the military authorities desired to make such. At said time, to wit: Tuesday morning, July the 18th, at 9:30 a.m., no written request for the release or surrender of the defendants was made by any military authority and no such authority appeared in Court for the purpose of making any such motion or request. Later counsel for the defendants stated that he had communicated with Colonel George W. Weeks at Fort Jackson, South Carolina, Judge Advocate of the 87th Division, United States Army, and that said Army Officer having advised him that he had not been prepared to make or file any request for the surrender or release of the defendants on Tuesday morning, July

the 18th, but that he would do so on Thursday morning, July the 20th, at or about 9:30 a.m. if such time met the convenience of the Court, and thereupon the Court set said time for the hearing of such motion or request. Upon the time set, neither said Army Officer, nor any other military authority, appeared to make any request orally or to file any written request for the surrender or release of the defendants.

The Court denies the plea to jurisdiction by the defendants through their counsel and to this ruling the defendants except. The foregoing motion or plea to the jurisdiction was filed before defendants were called upon to plead to the bill of indictment.

WALTER J. BONE, Judge Presiding.

Thereupon, Inman and Stark again filed separate pleas to the jurisdiction. The following is a copy of the plea of Inman:

NORTH CAROLINA                                   IN THE SUPERIOR COURT
LEE COUNTY

STATE  ⎫
v.  ⎬  PLEA TO THE JURISDICTION
DEWEY F. INMAN  ⎭

The defendant above named, to wit: Dewey F. Inman before plea to Bill of Indictment in any way; and before any trial was entered into in this cause, objects and excepts to the jurisdiction of this Court to further proceed with this matter, or to entertain jurisdiction of the same in any way, for that:

1. The alleged offense occurred while a state of war existed between the United States of America, Japan, Germany and other nations, and the defendant is a member of the Armed Forces of the United States, and is a soldier regularly enlisted and drafted in the Army of the United States.

2. That heretofore the United States by and through its properly constituted authorities have this day in writing asserted paramount primary jurisdiction of any offense committed by the defendant (and said defendant denies that he is guilty of having committed any offense); and the United States Army, through its duly constituted authorities and the Military authorities of the United States, have asserted paramount jurisdiction and demanded the custody of the person of this defendant from the Courts and authorities of Lee County, to try, and to give him a trial for said alleged offense by Court-Martial under Military Law; and for said reason under Federal Statute Law, this Court and any Civil Court of North Carolina is now without any jurisdiction to

hear and determine this action; and is without jurisdiction of defendant's person, or to further proceed with, hear or determine this cause. This plea is filed after the written request of the Army authorities was filed at 4 p.m.; which is made a part of this plea; and before any hearing thereon.

DEWEY F. INMAN, by K. R. HOYLE, Attorney.

Filed 7/20/44 at 4 o'clock p.m.
E. M. UNDERWOOD, Clerk of Superior Court.

The plea of Stark is identical in character.

Thereupon, Judge Bone entered the following order:

NORTH CAROLINA                          IN THE SUPERIOR COURT
LEE COUNTY                              JULY TERM, 1944.

| STATE | |
| --- | --- |
| v. | ORDER OVERRULING DEFENDANTS' |
| DEWEY F. INMAN | SECOND OBJECTION AND EXCEPTION |
| RUSSELL A. STARK | TO JURISDICTION SUPERIOR COURT |

After Lieut. Col. George W. Weeks, Staff Judge Advocate, 87th Division, United States Army, had appeared in Lee Superior Court and 2:30 p.m. in open Court and filed the written request that the Superior Court of Lee County surrender or deliver defendants to him for the purpose of trial as to said alleged offenses by the United States Army Military Authorities by Courts-Martial, the defendants each filed in open Court a second plea and objection and exception to the jurisdiction of the Superior Court of Lee County to further hear and entertain a prosecution of defendants which was marked by the Clerk "Filed July 20, 1944 at 4:00 P. M."; the grounds of said motion being as set out in said paper writing; upon consideration thereof,

IT IS ORDERED:—Said Plea and objection be and the same is overruled and denied; and the defendants each objected and excepted.

WALTER J. BONE, Judge Presiding.

The plea

From this the defendants appealed, and the following appeal entry was made:

APPEAL ENTRIES:

Defendants DEWEY F. INMAN and RUSSELL A. STARK, each having objected and excepted to His Honor Walter J. Bone, having overruled

and denied their separate objections and exceptions to the jurisdiction of the State Courts of North Carolina retaining their persons from the military authorities of the United States Army; and retaining or attempting to retain further jurisdiction of these cases after assertion of prior and paramount jurisdiction of these cases by the United States Military authorities; and to the further holding of these defendants for trial by said State Court, after demand made for their persons on said State Courts by the United States Military authorities of the United States Army, for the purpose of trial of said defendants by said Army Military authorities, for the offenses with which said defendants stand charged; and to each of said orders; and to each of said orders overruling these said defendants separate motions and pleas to the jurisdiction of said Courts of the State of North Carolina, and their said separate motions and pleas to the jurisdiction of said Courts of the State of North Carolina, and their said separate motions as renewed and second time overruled and denied, to the further jurisdiction of said State Court over them, or to hold and try them, or either of them; appealed to The Supreme Court of North Carolina, from each and every of said orders, and the denial of each and every of said Motions and pleas to the jurisdiction.

Thereafter, upon notice to Hon. Walter J. Bone, Judge, and Hon. W. Jack Hooks, Solicitor of the Fourth Judicial District, and to Hon. Harry McMullan, Attorney-General of the State of North Carolina, the defendants filed in this Court a petition for a writ of prohibition directed to the Superior Court of Lee County, setting up *in extenso* the facts and proceedings above noted and asking that the said court be prohibited from proceeding further in the case, setting up as grounds therefor that the request or demand made by Lieutenant Colonel Weeks, Staff Judge Advocate, deprived the Superior Court of its jurisdiction and that the prisoners were in danger of being deprived of their rights, liberties, and possibly life, by the action of a court without jurisdiction. Incorporated in this petition (by reference) as exhibits were the various requests, objections and orders.

The Attorney-General for the State filed an answer to the petition.

The matter was then heard by this Court in its regular order, upon the record, oral argument, and briefs.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*K. R. Hoyle for the defendants, appellants.*

SEAWELL, J.   While the defendants were under indictment in the Superior Court of the County of Lee for the alleged crimes of rape and robbery from the person, committed in that county, Lt. Col. Weeks, the Staff Judge Advocate of the 87th Infantry Division of the U. S. Army, of which the prisoners were members, belonging to the 517th Parachute Infantry, located at Camp Mackall in Richmond County, appeared and requested "the immediate release" of the prisoners, and that they be placed in his custody, as authorized agent of the military authorities. It does not appear that at this time any military court had taken cognizance of the crimes alleged to have been committed, or that any such proceeding was contemplated; nor does the request for the "release of military personnel to military authorities" appear to have been based upon any principle other than the mere right to exclusive military control of the prisoners as members of the Army.

Title 10, paragraph 1546, (AW 74), to which reference is made in the request for release, is the provision which requires surrender to civil authorities of persons subject to military law, under certain conditions, reading in part as follows:

"When any person subject to military law, except one who is held by the military authorities to answer, or who is awaiting trial or result of trial, or who is undergoing sentence for a crime or offense punishable under these articles, is accused of a crime or offense committed within the geographical limits of the States of the Union and the District of Columbia, and punishable by the laws of the land, the commanding officer is required, except in time of war, upon application duly made, to use his utmost endeavor to deliver over such accused person to the civil authorities, or to aid the officers of justice in apprehending and securing him, in order that he may be brought to trial.   Any commanding officer who upon such application refuses or willfully neglects, except in time of war, to deliver over such accused person to the civil authorities or to aid the officers of justice in apprehending and securing him shall be dismissed from the service or suffer such other punishment as a court-martial may direct."

In construing the provisions of this section, in *Caldwell v. Parker*, 252 U. S., 376, 64 L. Ed., 621, the Court came to the conclusion that the Articles of War—92 referring to murder and rape, and 93 referring to various crimes (including robbery)—did not confer upon military courts an exclusive jurisdiction to try members of the U. S. Army for such offenses committed within the State and beyond the exclusive territory under the immediate control of the military authorities, even in time of war, but that the State Courts and the military courts had a concurrent jurisdiction of such offenses.

It is of interest, although not essential to decision here, that the Court further suggested: ". . . it is indeed open to grave doubt whether it was the purpose of Congress, by the words 'except in time of war,' or the cognate words which were used with reference to the jurisdiction conferred in capital cases, to do more than to recognize the right of the military authorities in time of war, within the areas affected by military operations, or where martial law was controlling, or where civil authority was either totally suspended or obstructed, to deal with the crimes specified."

Whether this latter intimation of the highest Federal Court would be followed were the matter again presented to it, we have no means of knowing—a State Court opinion, *McKittrick v. Brown* (Mo.), 85 S. W. (2d), 385, 390, is cited as holding *contra;* but it is clear that *Caldwell v. Parker, supra,* does mean to hold that, under the circumstances of this case, if the military court, or Court Martial, has any jurisdiction of the alleged offenses under Articles 92 and 93 of the Articles of War—which specifically cover these offenses—the jurisdiction is concurrent with that of the State Court. See, also, *U. S. v. Hirsch* (D. C. N. Y. 1918), 254 F., 109; *Ex Parte Koester,* 206 Pac., 116, 56 Cal. Ap., 621. The expression "except in time of war" seems to be relied on for the use of the statute contrariwise—that is, as specific authority for a demand by the military authorities upon the State authorities for the surrender to them of prisoners who are held under indictment in the State Court for the alleged offenses. It would seem that whatever right the military authorities have to demand the release of these prisoners into their custody must come from other principles, which might positively support their superior right to the custody and control of the men when properly asserted, rather than upon such negative-pregnant implication. *U. S. v. Matthews,* 49 F. Supp. (District Court U. S., Md., Ala., March 17, 1943); CP— Application of Baer (1943), 180 Misc., 330, 41 N. Y. S. (2d), 413. We have no intention of stating that they have no such right—we do not believe that we have reached a point where it is necessary for us to consider that question; but we do point out that the demand for military custody of the prisoners does not imply that there is any purpose to try them by court martial for the alleged offense.

Passing now the fact that we are not informed from the record or from the written request of the Staff Judge Advocate, Lt. Col. Weeks, of the specific purpose for which custody of the defendants is requested, other than the general one of mere exclusive military control; and expressing no opinion on the situation thus produced, we come to the question whether the objections taken to the order of Judge Bone are available to the defendants, conceding the purpose of the demand is to secure their custody for trial by the military court.

Certainly, the defendants have no right to choose the jurisdiction in which they shall be tried. After making demand upon the State Court for the release of the prisoners, the military authorities took no further action and do not join the defendants in this appeal or in the petitions for the writ of prohibition. We do not intimate that they were required to do so in order to protect any right they may have to the custody of the prisoners, nor do we indicate any opinion as to the method by which such custody might be acquired. Such matters have usually been settled upon the principle of comity, where, as here, the State and military courts have concurrent jurisdiction of grave crimes. See Digest of Opinion of the Judge Advocate General, 30 July, 1942, 1 Bull. J. A. G. 163, sec. 432 (5); Schiller, Military Law, p. 62.

Certainly, the grave danger to peace and order in communities accessible to large military establishments, in which areas soldiers under furlough or leave visit freely on week-ends, and where no military control exists, is a matter for serious consideration; the more so if the civil courts in such areas are to be deprived of their jurisdiction of the offenses or the offenders, although fully functioning throughout the area as in times of peace. The relatively small number of serious crimes committed under such conditions reflects credit on the personnel of the Army; but nevertheless, the draft is no respecter of persons, and it is a matter of common knowledge that they do occur. The destruction of civil jurisdiction in such areas raises a serious question of crime control and the administration of justice. However this may be, the defendants stand alone in this Court and upon the sole contention that the demand made for the release of the prisoners to the military authorities *eo instante* divested the State Court of its jurisdiction. They contend that they now face the danger of trial by a court having no jurisdiction and the possibility of execution under its judgment.

Even if we conceded that the effect of the request for the release of the defendants to the military authorities was to terminate the jurisdiction of the State Court—a conclusion which at present we are unable to reach—nevertheless, the attempted appeal of the defendants from the adverse rulings on their objections to the jurisdiction is premature. The practice is to note the objection to the jurisdiction and preserve the exception upon appeal from the final judgment. Appeal in criminal cases is wholly statutory, and our statute, G. S., 15-180; G. S., 15-181, does not provide for an appeal in such cases except from a final judgment. *S. v. Cox,* 215 N. C., 458, 2 S. E. (2d), 370; *S. v. Blades,* 209 N. C., 56, 182 S. E., 714; *S. v. Rooks,* 207 N. C., 275, 176 S. E., 752; *S. v. Nash,* 97 N. C., 514, 2 S. E., 645; *S. v. Hazell,* 95 N. C., 623, 624.

While recognized in this jurisdiction, the writ of prohibition is considered discretionary and has been uniformly denied where there is other remedy. *Perry v. Shepherd,* 78 N. C., 83; *R. R. v. Newton,* 133 N. C., 136, 137, 45 S. E., 549; *S. v. Whitaker,* 114 N. C., 818, 19 S. E., 376. The defendants' apprehension that they may suffer penalties of a judgment rendered by a court without jurisdiction is not well founded, provided they should be under the necessity of presenting the question upon a timely appeal.

On the motion of the Attorney-General,

The appeal, as to both defendants, is dismissed;

The petitions for writ of prohibition are denied.