THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CURTIS WILLIAMS and HEYWOOD ARRINGTON, Defendants.

County Court, Richmond County, April 3, 1945.

*Lt. Arthur Donn,* Office of the Judge Advocate General, U. S. Army, for application.

*Farrell M. Kane, District Attorney,* opposed.

WALSH, J. The defendants above named are soldiers attached to the Fox Hills Army Base, Richmond County, New York. They have been indicted jointly for robbery first degree, assault first degree, grand larceny first degree, and assault second degree, and in addition thereto the defendant, Arrington, has been indicted for a violation of section 1897 of the Penal Law, the unlawful possession of a revolver.

On the day of pleading, their superior officers appeared in the County Court of Richmond County, through their representatives, and requested the custody of the defendants, asserting that the prisoners would be held to account for such infractions of military or civil law as might be established against them.

The District Attorney, relying upon the decisions in *United States* v. *Matthews* (49 F. Supp. 203) and *State* v. *Inman* (224 N. C. 531), opposed the application, and requested that the matters be tried in the County Court of this county.

The question presented is whether, under the circumstances, the civil authorities may refuse to deliver the prisoners to the custody of the military authorities for trial.

The question presented in these cases is of very great importance, for the reason that within a period of some three months more than forty crimes, ranging from robbery first degree and rape first degree to assault third degree, have been perpetrated by various unknown, unapprehended soldiers from Fox Hills, upon civilians upon the highways of Richmond County, and, so far as has been made public by the military authorities, only one soldier in one case was apprehended and dealt with by the military authorities.

It is conceded by both sides that the crimes charged are within the jurisdiction of both the civil and the military authorities. It is likewise conceded on the facts of these cases that, as a general rule, the jurisdiction of civil and military tribunals is concurrent and not exclusive. It is likewise conceded that, as a general rule, the civil courts, in time of peace, have priority over the military tribunals in the exercise of jurisdiction.

It is contended by the military authorities, however, that the military tribunals have priority in the exercise of jurisdiction in these cases because, though the crimes were committed against civilians on public highways in Richmond County, they are matters for the military tribunals, since the crimes were committed " in time of war."

It was held in the case of *United States* v. *Matthews* (49 F. Supp. 203, 205) that the language " except in time of war " as used in section 1546 of title 10 of the United States Code (Articles of War, art. 74) only relieved the military authorities of what had theretofore been their duty upon proper application by the State to use their utmost endeavors to deliver over such accused persons to the civil authorities.

These are not cases of the State seeking to take away from the military authorities soldiers in the actual custody of such military authorities, but are precisely the opposite. The mili-

tary authorities seek to take from the custody of the State these defendants, who are alleged to have committed serious crimes against the laws of the State, and who are now held in legal custody by the State for trial by the State.

The military authorities rely chiefly upon the scholarly opinion written by Mr. Justice BENVENGA, in *Matter of Baer (Wegener)* v. *Warden of City Prison* (180 Misc. 330 [1943]) which holds that the military tribunals in time of war may assert priority.

Substantially the same question, though in a different case, based upon substantially similar facts, was considered at a later date in *State* v. *Inman* (224 N. C. 531 [1944]) and though the court had the decision of Mr. Justice BENVENGA brought to its attention in the case, the highest tribunal in North Carolina held that the State courts should be permitted to retain jurisdiction, having first obtained custody of the defendants. In that case a petition for certiorari was denied by the United States Supreme Court on January 29, 1945 (*sub nom. Inman* v. *North Carolina*, 323 U. S. ——).*

Following the reasoning and the holding in that last-named case, though I have the utmost respect for the learning and scholarship of Mr. Justice BENVENGA, I shall and do. hold that the County Court, having the defendants in its custody, has, and may retain, jurisdiction over these matters.

Settle order on notice.