## KENNEDY v. SANFORD.

### No. 12157.

Circuit Court of Appeals, Fifth Circuit.
Jan. 27, 1948.
Writ of Certiorari Denied March 29, 1948.
See 68 S.Ct. 737.

Oltie William Kennedy, in pro. per.

J. Ellis Mundy, U. S. Atty., and Harvey H. Tysinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

PER CURIAM.

That a soldier in time of war is under military law and answerable to a court martial does not absolve him from prosecution for crimes against federal or State laws committed where such laws are of force. The provisions of Article of War 74, 10 U.S.C.A. § 1546, recognize this. But it is contended that the surrender of soldiers for trial in such courts is by the Article required "except in time of war", and this means that in time of war surrender is prohibited. The Article is a penal one, making it a military offense for the commanding officer to refuse surrender except in time of war, and with other exceptions. It does not prohibit surrender in time of war, but leaves the commanding officer free to exercise his discretion. In re Baer, Sup., 41 N.Y.S.2d 415; People v. Williams, 184 Misc. 510, 55 N.Y.S.2d 181; Lucas v. Sanford, Warden, 5 Cir., 145 F.2d 229. The federal district court had jurisdiction, appellant having been duly surrendered to it. Caldwell v. Parker, 252 U.S. 376, 40 S.Ct. 388, 64 L.Ed. 621.

One of the crimes charged was conspiracy with six other defendants. The court appointed three counsel on request. It is alleged that the evidence did not prove applicant's participation in the conspiracy, and that if he had had separate counsel he would have been more adequately represented. It is not alleged that he asked separate counsel, but if he had the trial judge could best judge whether separate counsel was necessary to present that issue to the jury. There was not a denial of counsel such as to nullify the verdict and sentence on collateral attack by habeas corpus. Criminal trials still have some finality. The judgment refusing, after a hearing, to issue the writ of habeas corpus is affirmed.