## HARRIS v. HUNTER.

### No. 3699.

United States Court of Appeals Tenth Circuit.

Oct. 26, 1948.

Joseph E. Newman, of Denver, Colo., for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (Lester Luther, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from an order discharging a writ of habeas corpus.

Harris, the petitioner, while serving a seven-year military sentence in the United States Disciplinary Barracks, at Fort Leavenworth, Kansas, escaped. He was apprehended in Oklahoma City, Oklahoma. Thereafter, on January 30, 1947, an indictment was returned in the District Court of the United States for the Western District of Oklahoma charging him with the violation of 18 U.S.C.A. § 408.[1] He appeared in person and with counsel and entered a plea of guilty, and was sentenced to the custody of the Attorney General for imprisonment for three years.

As grounds for the writ, he asserted that being an escapee from a military sentence, he was under the sole jurisdiction of the military authorities, and that the United States District Court was without jurisdiction to impose the sentence. After he was confined at Leavenworth, Kansas, the Commandant of the Disciplinary Barracks filed a detainer against him.

Assuming that the military authorities had prior jurisdiction over petitioner, and that comity required the civil authorities to respect that jurisdiction, the military authorities could waive their prior jurisdiction[2] and are presumed to have done so, in the absence of an affirmative showing to the contrary.[3] There was no evidence of nonwaiver and the filing of the detainer tended to indicate waiver rather than the contrary.

Moreover, if the civil authorities exercised jurisdiction over petitioner, without the consent of, and even over the protest of the military authorities, only the military authorities could raise the question by asserting their prior rights to the possession of the petitioner. Petitioner, who had violated the military laws as well as the civil laws, could not raise the question.[4]

The order is Affirmed.

[1] In 1948 Revision, 18 U.S.C.A. §§ 2311-2313.

[2] Ponzi v. Fessenden, 258 U.S. 254, 260, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879.

[3] Rosenthal v. Hunter, 10 Cir., 164 F.2d 949, 950; Wall v. Hudspeth, 10 Cir., 108 F.2d 865, 867.

[4] Craig v. Hunter, 10 Cir., 167 F.2d 721, 722; Rawls v. United States, 10 Cir., 166 F.2d 532, 534.