**UNITED STATES v. SOSSEUR et al.**

Cr. Nos. 12955, 12956.

United States District Court
W. D. Wisconsin.

Oct. 24, 1949.

Charles H. Cashin, United States Attorney, Madison, Wis., Carlisle P. Runge,

Assistant U. S. Attorney, Madison, Wis. for plaintiff.

Lloyd G. Andrews, Shawano, Wisconsin, for defendants.

STONE, District Judge.

The defendant, Richard Sosseur, is charged with an offense in the information reading as follows:

"The United States Attorney charges:

"On or about the 25th day of August, 1949, within the Indian country, the Lac du Flambeau Indian Reservation, in the Western District of Wisconsin, Richard Sosseur an enrolled one-fourth Chippewa Indian, had set up and did keep, manage and use contrivances adapted, suitable, devised and designed for gambling purposes, to-wit: five (5) slot machines, and did induce, entice and permit persons to gamble and play for gain by means of said slot machines; said acts having been committed within the Indian country where the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia extend; and such acts being punishable if committed within the jurisdiction of the State of Wisconsin, by the laws thereof in force at the time of aforesaid acts."

The defendant, Hannah Maulson, is charged with a like offense.

Both defendants have entered pleas of not guilty, waived a jury trial and filed motions to dismiss the informations for the following reasons:

1. That the court is without jurisdiction because the offense set forth in the information, if any, is not cognizable in the United States District Court but is cognizable only in the Lac du Flambeau Tribal Court for the Lac du Flambeau Indian Reservation, if such an offense exists.

2. The information does not state facts sufficient to constitute an offense against the United States.

3. The property seized by the U. S. Marshal and which purportedly supports an offense attempted to be charged in said information was not in any manner kept, managed, designed, intended for use or has been used by defendants in violation of any criminal law of the United States; was unlawfully seized, should be suppressed, and should be returned to defendants.

4. The purported offense sought to be charged under the Assimilative Crimes Act is not an offense against the United States by the defendants, enrolled tribal Indians of the Lac du Flambeau Band of Lake Superior Chippewa Indians of the Lac du-Flambeau Reservation in Wisconsin.

The Corporate Charter, Constitution and By-Laws of the "Lac du Flambeau Band of Lake Superior Chippewa Indians of Wisconsin" was, by stipulation, made a part of this record.

From the undisputed facts it appears;

That the Lac du Flambeau Reservation is "Indian country" as defined by Section 1151, Title 18, U.S.C.A.;

That the defendants were at all times mentioned in the information, tribal members of the Lac du Flambeau Band of Lake Superior Chippewa Indians of the Lac du Flambeau Reservation of Wisconsin, residing on the Reservation and engaged in business thereon;

That the "Lac du Flambeau Band of Lake Superior Chippewa Indians of the Lac du Flambeau Reservation of Wisconsin" constitutes a recognized Indian Tribe organized under a Constitution and By-laws, duly ratified by the Tribe on July 18, 1936, whose Charter was ratified on May 8, 1937. By the Charter the Tribe was designated as a body politic under the said corporate name. It was authorized to exercise all corporate powers enumerated in the Charter, subject to any restrictions in the United States Constitution and United States laws, and to make and perform contracts.

Chapter VI of the Constitution and By-laws authorized the Tribal Council to promulgate and enforce ordinances providing for the imposition of taxes and license fees. It also vested in the Council the power to govern the conduct of the Tribe and provide for the maintenance of law and order on the Reservation by the establishment of an "Indian Court".

At a regular meeting of the Tribal Council on December 8, 1947, the following franchise and license was granted by the Tribal Council to the defendant, Richard Sosseur:

"To grant to Richard Sosseur a franchise and license to have the exclusive right to place on Indian lands within the boundaries of the Lac du Flambeau Indian Reservation any type of coin operated device licensed or taxed by the United States Government and also to operate any amusement and entertainment devices usually operated in clubrooms either licensed or not licensed by the U. S. Government, including music, cigarette vending machines, gum and match machines, and to operate a dance hall. Richard Sosseur agrees to pay $5.00 per year for each machine or device operated but not less than $100 per year for ten years.

"(s) George W. Brown,
Secretary, Tribal Council."

In accordance with said license, defendant Richard Sosseur paid a federal license tax of $100 each on nine gambling devices and installed them on said Reservation where they were operated by him and the defendant Hannah Maulson during the summer of 1949 until they were seized by the U. S. Marshal on August 25, 1949. The machines were patronized largely by the tourists visiting in that area.

The Tribal Council never adopted any law or ordinance for the control or regulation of gambling on the reservation, nor is there any specific United States Statute prohibiting the operation of gambling devices on an Indian Reservation other than the Assimilative Crimes Statutes, which statute defendants contend is not applicable in these proceedings.

On August 25, 1949, the U. S. Marshal, under authority of the U. S. Commissioner's search warrant based on the affidavit of Herman P. Mittelholtz, District Agent in charge of the Lac du Flambeau Sub-Agency of the Great Lakes Indian Agency, seized and impounded said machines. On the same day the defendants were arrested and charged with violating Section 13, Title 18, U.S.C.A., known as the Assimilative Crimes Act, which adopts by reference Section 348.07 of the Wisconsin Statutes relating to and prohibiting the operation of gambling devices in the State of Wisconsin, in which the Reservation is situated.

Article I of the Tribal Constitution and By-laws provides that the jurisdiction of the Lac du Flambeau Band shall extend to territory within the original confines of the Lac du Flambeau Reservation, as defined pursuant to the Treaty dated September 30, 1854, 10 Stat. 1109.

Chapter I of the Tribal Code defines the jurisdiction of the Lac du Flambeau Tribal Court as follows:

"The Lac du Flambeau Tribal Court shall have jurisdiction over all offenses enumerated in Chapter 5 of the Code, when committed by any Indian within the Lac du Flambeau Reservation for which the court is established. With respect to any offenses enumerated in said Chapter over which the Federal courts may have lawful jurisdiction, the jurisdiction of the Tribal Court shall be concurrent and not exclusive."

The statutes involved and applicable in these proceedings are Sub-section 3 of Section 7; Section 13; Section 1152; all of New Title 18 U.S.C.A.; and Section 348.07 of the Wisconsin Statutes, as set forth in the appendix.*

---

* Subsection (3) of Section 7, Title 18 U.S.C.A.
"(3) Any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building."
Section 13, Title 18 U.S.C.A.

"Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in Section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment."

Section 161.58 of the Code of Tribal Offenses of the Lac du Flambeau Reservation is as follows:

"Any Indian who shall violate any law, rule or ordinance adopted by the Tribal Council for the control or regulation of gambling on any reservation, shall be deemed guilty of an offense and upon conviction thereof shall be sentenced to labor for a period not to exceed thirty days."

No law, rule or ordinance was adopted by the Council for the control or regulation of gambling on the Reservation.

Section 3242, Title 18 U.S.C.A. is known as the Ten Major Crimes Act. It enumerates ten major offenses over which the jurisdiction of the Federal Courts has displaced the Tribal Court jurisdiction, when the offense is committed by an Indian on and within any Indian Reservation.

Section 1152, Title 18 U.S.C.A. extends the general laws of the United States as to the punishment of offenses committed any place within the sole and exclusive jurisdiction of the United States, and to "Indian Country". It does not, however, extend to offenses; (a) committed on the Reservation by one Indian against the person or property of another Indian, (b) nor to any Indian committing any offense in the Indian Country who has been punished by the local law of the Tribe, (c) or to any case where by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively.

The offense charged in the informations of operating gambling devices on the Lac du Flambeau Reservation, obviously is not an offense by one Indian against the person or property of another Indian. It is an offense against the public policy of the State and Nation, and is not included in the first exception in said Section 1152(a).

The fact that there is no local law or Tribal ordinance controlling or regulating gambling on the Lac du Flambeau Reservation eliminates the defense in exception (b); nor is there any provision in the Treaty stipulation of September 30, 1854 that gives them the desired refuge or protection.

In Williams v. United States, 327 U.S. 711, 66 S.Ct. 778, 779, 90 L.Ed. 962, the Court said:

" 'Except as to (certain crimes not material here) * * * the general laws of the United States as to the punishment of crimes committed in any place within the sole and exclusive jurisdiction of the United States, * * * shall extend to the Indian country.' This means that many sections of the Federal Criminal Code apply to the reservation, including not only the Assimilative Crimes Act, but also those making penal the offenses of * * *."

Section 1152, New Title 18 U.S.C.A.:
"Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country.
"This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulation, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively."
Section 348.07 of the Wisconsin Statutes:

"Any person who shall set up, keep, manage or use any table, wheel or other construction, or any cards, dice or other device, scheme, contrivance or thing or any name or description adapted, suitable, devised or designed, or which can or shall be used for gambling purposes and induce, entice or permit any person to gamble, bet or play for gain with, at, or upon, or by means of, such table, wheel or other construction, or such cards, dice or other device, scheme, contrivance or thing, or to bet or wager anything at or upon any game whatever played by such keeper, manager or any other person by means or use thereof, or who shall open, keep or manage any common gambling house shall be punished by imprisonment in the county jail not more than one year nor less than one month, or by fine not exceeding $500 nor less than $100."

Inasmuch as there is no local Tribal ordinance or United States statute controlling or regulating gambling devices on the Lac du Flambeau Indian Reservation, the Assimilative Crimes Act, Section 13, Title 18 U.S.C.A. has a natural place to fill, through its supplementation of the criminal code. This Act permits the use of local State Statutes to fill in the gaps in the Federal Criminal Code, where no action of Congress has been taken to define the missing offense. It was enacted to supplement the Federal Criminal Code of offenses with the penal code of the State in which the Reservation may be situated, and is a part of the general law of the United States relating to the punishment of offenses committed within the "Indian country". It assimilates in Wisconsin Section 348.07 of the Wisconsin Statutes prohibiting the use of gambling devices on and within the boundaries of the Reservation.

The failure of the Tribal Council to adopt an ordinance prohibiting Gambling on the Reservation, gives this court jurisdiction over the defendants and the offense charged in the informations pursuant to the provisions of the "Assimilative Crimes Act" and the other statutes herein cited.

Both informations state facts sufficient to constitute an offense against the United States. They comply strictly with Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

There is no merit to defendants' contention that the defendants' gambling devices were unlawfully seized and this evidence should be suppressed. An examination of the record shows a strict compliance with the statute relating to searches and seizures.

This court has jurisdiction of the defendants and the offense charged in the informations, and on the stipulated and undisputed facts the court finds the defendants guilty as charged in the informations.

Further proceedings herein will be continued until 10:00 o'clock a. m., October 27th next.