Nathan R. Sobel, J.
The petitioner in this coram nobis application was sentenced to 10 to 20 years on November 1, 1951 upon a conviction after trial of robbery.
This is his sixth coram nobis application.
In the instant petition he raises a new contention not heretofore raised. I give it scant attention not because of the persis *625 tence of petition in “ inventing ” new grounds but because the legal issue is rare and does not justify intensive research.
When the crime was committed and on the date of judgment, the petitioner-defendant alleges he was a member of the armed forces. He also alleges that this Nation was in a “ state of war ” with North Korea and that therefore the military and not the civil authorities had jurisdiction of his crime.
I do not stop to decide whether or not we were in a state of war with Germany or Japan or North Korea. (Cf. Lee v. Madigan, 358 U. S. 228 which discusses cessation of hostilities v. termination of war in another context.)
Here the crime was committed in the streets of Kings County and not on property under Federal or military jurisdiction.
In time of peace a person in the armed forces who commits a State crime punishable under State law is amenable to the State courts. While there is no Federal statute which so provides, the rule is implied from the general provision of the Uniform Code of Military Justice (U. S. Code, tit. 10, § 802).
But even in time of war, offenses cognizable by court martial, as a matter of comity or expediency, may be prosecuted in State courts. (Caldwell v. Parker, 252 U. S. 376; Lee v. Madigan, 358 U. S. 228, supra; cf. Kennedy v. Sanford, 166 F. 2d 568.) Or, in the Federal civil courts. (Robinson v. United States, 175 F. 2d 4; Canella v. United States, 157 F. 2d 470; Ex parte Mulvaney, 82 F. Supp. 743.)
The failure of military authority to assume jurisdiction constitutes a waiver of jurisdiction to the civil courts. (Harris v. Hunter, 170 F. 2d 552; Kennedy v. Sanford, 166 F. 2d 568, supra; United States v. Canella, 63 F. Supp. 377, affd. sub noon. Canella v. United States, 157 F. 2d 420; Dickenson v. Davis, 143 F. Supp. 421, affd. 245 F. 2d 317.)
Thus, the petitioner herein having been convicted and sentenced by a court having jurisdiction (even if that court could have been divested of jurisdiction by the military) cannot raise the question of jurisdiction of the civil courts for the first time in coram oiobis. It is only where no jurisdiction whatsoever exists in the civil courts that collateral attack may be had.
Petition is denied without hearing. I have assumed all the facts to be as alleged, therefore no hearing is necessary. The issue is solely one of law. Petition is denied.