UNITED STATES of America

v.

James L. O'BYRNE.

Cr. No. 52–73–NN.

United States District Court,
E. D. Virginia,
Newport News Division.

Oct. 10, 1973.

Michael A. Rhine, Asst. U.S. Atty., Norfolk, Va., for plaintiff-appellee.

William Mills Krieger, Newport News, Va., for defendant-appellant.

OPINION

KELLAM, Chief Judge.

Appellant, James L. O'Byrne, is a soldier on active duty stationed at Fort Eustis, Virginia, a United States Military Reservation. On March 18, 1973, O'Byrne was arrested on the base and charged with driving his automobile on the base while under the influence of intoxicants, a violation of Va. Code 18.1–54 which was made applicable pursuant to the Assimilative Crimes Act, 18 U.S.C.A. § 13. At trial, objection was raised to the Court's jurisdiction on the ground that since the act of drunk driving is made punishable by the Uniform Code of Military Justice, Article 111 (10 U.S.C.A. § 911), prosecution under the Assimilative Crimes Act is precluded.[1] The objection was overruled and the case proceeded to trial. O'Byrne was found guilty, was fined

---

1. As will hereafter be seen, drunk driving is not defined in U.C.M.J.

$200.00, his operator's license was suspended for six months, and he was given a 30 day suspended jail sentence.

The sole contention on this appeal is that the United States Magistrate was without jurisdiction to try the case. We believe that the Magistrate had jurisdiction and affirm the conviction.

18 U.S.C.A. § 13 provides that,

"Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment."

Article 111 of the Uniform Code of Military Justice (10 U.S.C.A. § 911) provides for the punishment of drunk driving:

"Any person subject to this chapter who operates any vehicle while drunk or in a reckless or wanton manner, shall be punished as a court-martial directs."

Appellant contends that the Assimilative Crimes Act by its own language makes violation of state law a federal offense only when the act occurs on land reserved to the federal government and when it is, "*not* made punishable by *any* enactment of Congress." Therefore, he argues, since drunk driving is made a punishable offense by Article 111 of the U.C.M.J., the Assimilative Crimes Act (and hence, the Virginia Drunk Driving Statute) simply does not apply, and the only offense for which he might be tried is a violation of the U.C.M.J.—which offense the United States Magistrate had no jurisdiction to consider. To support his position, he cites several cases.

In *Williams v. United States*, 327 U.S. 711, 66 S.Ct. 778, 90 L.Ed. 962 (1946), defendant was convicted in the United States District Court for the District of Arizona of raping an unmarried Indian girl who was over the age of 16 but under the age of 18. The offense was alleged to have occurred within the Colorado Indian Reservation. Arizona's "statutory rape" law fixed 18 as the age of consent, whereas under § 279 of the then Federal Criminal Code 16 was the age of consent. A conviction was obtained by application of the Arizona age of consent pursuant to the Assimilative Crimes Act. It was held by the Supreme Court, in overturning the conviction, that,

"the Assimilative Crimes Act does not make the Arizona statute applicable in the . . . case because (1) the precise acts upon which the conviction depends have been made penal by the laws of Congress . . ., and (2) the offense known to Arizona as that of 'statutory rape' has been defined and prohibited by the Federal Criminal Code, and is not to be redefined and enlarged by application to it of the Assimilative Crimes Act."

\*　　\*　　\*　　\*　　\*　　\*

"Where offenses have been specifically defined by Congress and the public has been guided by such definitions for many years, it is not natural for Congress by general legislation [the Assimilative Crimes Act] to amend such definitions or the punishments prescribed for such offenses, without making clear its intent to do so. . . . The Assimilative Crimes Act has a natural place to fill through its supplementation of the Federal Criminal Code without giving it the added effect of modifying or repealing existing provisions of the Federal Code." (at 718, 66 S.Ct. at 782).

See also *Hockenberry v. United States*, 422 F.2d 171, 173 (9th Cir. 1970):

"The indictment was drawn on the theory that the Assimilative Crimes Act . . . made California Penal Code § 245 applicable. However 18 U.S.C.A. § 13 makes state law applicable only if the 'act or omission [is] not made punishable by any enactment of Congress. \* \* \*' Here, as the government now concedes, there is an applicable act of Congress [18 U.S.C.A. § 113]. \* \* \* It follows that California Penal Code § 245 is not applicable."

Accord, *United States v. Anderson,* 425 F.2d 330 (7th Cir. 1970).

An exemplary statement of the rule appears albeit in a slightly different context, in *United States v. Chapman,* 321 F.Supp. 767 (E.D.Va.1971), where the Court said, at 769:

"Simply stated, if Congress has enacted a statute which prohibits possession of marihuana, a person charged with such a crime committed at Washington National Airport must be prosecuted under the federal law and not under a similar state law [via the Assimilative Crimes Act]. If, however, Congress has not enacted such a law, the person charged with possession of marihuana at Washington National Airport may be prosecuted under the applicable Virginia statute."

■ Appellant's attorney argues that, notwithstanding *O'Callahan v. Parker,* 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), O'Byrne could have been prosecuted under military jurisdiction. (See *Relford v. Commandant, U. S. Disciplinary Barracks,* 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971). The question though is whether this situation calls for a departure from the general rule that jurisdiction of civilian courts over service personnel is concurrent with that of military courts in cases like the one here. It seems clear that district courts at the least have concurrent jurisdiction with military courts over violation of the laws of the United States by military personnel. See *Gosa v. Mayden,* 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973); *Grafton v. United States,* 206 U.S. 333, 348, 27 S.Ct. 749, 51 L.Ed. 1084 (1907); *Kennedy v. Sanford,* 166 F.2d 568 (5th Cir. 1948); *Franklin v. United States,* 216 U.S. 559, 30 S.Ct. 434, 54 L.Ed. 615 (1910); *Caldwell v. Parker,* 252 U.S. 376, 40 S.Ct. 388, 64 L.Ed. 621 (1920); *United States v. Hirsch,* 254 F. 109 (D.C.N.Y.1918); *United States v. Matthews,* 49 F.Supp. 263 (D.C.Ala.1943); *State v. Inman,* 224 N.C. 531, 31 S.E.2d 641, cert. denied 323 U.S. 805, 65 S.Ct. 563, 89 L.Ed. 642; *Peek v. United States,* 321 F.2d 934 (9th Cir. 1963), cert. denied 376 U.S. 954, 84 S.Ct. 973, 11 L.Ed.2d 973; *United States v.*

*Bixler,* 321 F.Supp. 268 (D.C.Kan.1971); 6 C.J.S. Army and Navy § 54, p. 445, and § 38, p. 425.

O'Byrne would have us say that the general rule has no application. That is, he argues, since the act of drunk driving is punishable in these circumstances under military law, prosecution pursuant to the Assimilative Crimes Act is foreclosed. Therefore, he contends, the Magistrate—having no jurisdiction to try cases arising· solely under the U.C.M.J.—could not try him.

■ In cases cited by appellant, the problem was not whether the federal courts had jurisdiction, but rather, what law was to be applied by them. The offenders tried in those cases were tried and convicted under federal law in federal courts, and the only contention was that in those circumstances state law should not be used to alter the definitions, burdens or punishments provided by Congress. If Congress enacts a penal statute to be applied by the federal courts, that statute should not be altered or expanded by the use of state law. While this reasoning makes perfect sense, and while we agree with appellant's authorities, they do not address the situation at hand.

■ Here, unlike cases cited by appellant, Congress has placed no specific provision in the federal Criminal Code which makes drunk driving an offense cognizable by the federal courts. So the reasoning of those cases does not apply. There is no possibility of a state's law being used to expand or redefine a provision of the Federal Criminal Code, because under the Assimilative Crimes Act in circumstances such as these, the state provision *becomes* the sole relevant provision of the Federal Criminal Code. Here, the Assimilative Crimes Act is not used for any of the purposes condemned in *Williams, supra.* It makes punishable acts which are offenses under state law but not under federal law if the offense occurs on lands reserved to the United States, etc. That, we believe, is the very purpose for which the Assimilative Crimes Act was created. *United States v.*

*Davis,* 5 Mason 356, 25 Fed.Cas.No.14,930 (C.C.Mass.1829).

See *Chapman, supra,* where the Court at 770 quoted *United States v. Sosseur,* 87 F.Supp. 225, 229 (W.D.Wis.1949), affirmed 181 F.2d 873, 875 (7th Cir. 1950):

"The object of the Assimilative Crimes Act is, 'to fill in the gaps in the *Federal Criminal Code,* where no action of Congress has been taken to define the missing offense." [emphasis added] In *Sosseur,* the Court said further, that "[The Assimilative Crimes Act] was enacted to supplement the *Federal Criminal Code.*" [emphasis added].

■ Were drunk driving on federal enclaves prohibited by the Federal Criminal Code and thereby punishable *in the federal courts,* the Assimilative Crimes Act would not apply.

■ The Assimilative Crimes Act makes violation of state law a federal offense when the act or omission in question occurs on land reserved to the federal government, is not otherwise an offense against the United States, and is not made punishable by an act of Congress over which the federal courts otherwise would have jurisdiction.

The conviction is therefore AFFIRMED.