# FRANKLIN *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 736.   Submitted February 21, 1910.—Decided March 14, 1910.

The sixty-second article of war does not vest, nor purport to vest exclusive jurisdiction in courts-martial, and civil courts have concurrent jurisdiction over all offenses committed by a military officer which may be punished under the provisions of that article.

The effect of § 3 of the acts of March 3, 1825, c. 65, 4 Stat. 115; April 5, 1866, c. 24, 14 Stat. 13, carried forward in § 5391, Rev. Stat.; and July 7, 1898, c. 576, 30 Stat. 717, providing that the punishment of offenses in places ceded by the State to the United States not specially provided for by any law of the United States shall be the same as that provided for by the law of the State ceding the place where the offense was committed, is limited to the criminal laws in force in the several States at the time of the enactment of the legislation, and those statutes do not delegate to such States authority to in any way change the criminal law of the United States. *United States* v. *Paul,* 6 Pet. 141.

Jurisdiction of this court under the act of 1891 of a direct appeal from the Circuit Court cannot be based on constitutional points that are absolutely unfounded in substance as in this case.

THREE indictments were returned against plaintiff in error by the grand jury in the Southern District of New York.   In the first of said indictments he was charged with the embezzle-

ment of certain personal property of the cadets at the United
States Military Academy, upon a Government reservation, to
wit, the West Point Military Reservation, in the Southern
District of New York, in violation of § 5391, Rev. Stat., as
amended by the act of July 7, 1898; and of §§ 528 and 531 of
the New York Penal Code.

In the second indictment he was charged with making and
presenting to an officer of the army, for approval, false claims
upon the Government of the United States for supplies fur-
nished to the cadet mess at West Point, in violation of § 5438,
Rev. Stat.; and, in the third indictment, he was charged with
making and presenting to an officer of the army, for approval
and for payment, a false claim upon the United States War
Department, and upon the treasurer of the United States Mili-
tary Academy, in violation of § 5438, Rev. Stat.

Demurrers to the indictments were overruled and they were
then consolidated. The first of said indictments contained
six counts, in three of which plaintiff in error was charged with
grand larceny in the second degree, under the New York Penal
Code, and in the other three he was charged with embezzle-
ment of the same funds, in violation of the New York Penal
Code; but the first three of said counts were *nolle prossed*. The
defendant thereupon pleaded guilty to all three of the indict-
ments; but before judgment was pronounced he moved in ar-
rest of judgment, the grounds of his motion being as follows:

"1. Because the said fourth, fifth, and sixth counts of the
indictment against the said defendant for grand larceny under
section 2, chapter 576, act of July 7, 1898, to and of which the
defendant pleaded and was found guilty, do not, nor does any
one of the said counts, charge a criminal offense under the
laws of the United States.

"2. Because the said section 2, chapter 576, of an act of
Congress approved July 7, 1898, entitled 'An act to protect the
harbor defenses and fortifications constructed by the United
States from malicious injury, and for other purposes,' is un-
constitutional and void.

"3. Because by the Constitution and the laws of the United States this court here has no jurisdiction of the offense alleged to have been committed by this defendant in said fourth, fifth, and sixth counts of the said indictments, because he says the said section 2, chapter 576, of the said act of Congress approved July 7, 1898, confers upon this court here no jurisdiction of this cause, nor any legal power to hear, try, and determine the same, inasmuch as the punishment for the offense alleged in said indictment, and in each and every count thereof, when committed by the treasurer of the United States Military Academy, an officer of the Army of the United States, is provided for by section 1342, Revised Statutes of the United States; and inasmuch as, by the said Constitution and laws, exclusive jurisdiction over said offense, when committed by a person subject to military jurisdiction, is vested in the properly constituted and authorized courts-martial of the United States.

"4. Because the facts alleged in said counts under section 5438, Revised Statutes of the United States, do not, as alleged in said counts, or in any one of them, charge a criminal offense against the United States."

This motion was overruled, and defendant was sentenced to serve a term of imprisonment of two and one-half years in the United States penitentiary at Atlanta; and, errors being assigned which raised the questions presented in the motion in arrest of judgment, the case was removed to this court by writ of error.

The statutes under which said indictments were found are as follows:

1. Section 2 of the act of July 7, 1898, c. 576, 30 Stat. 717:

"That when any offense is committed in any place, jurisdiction over which has been retained by the United States or ceded to it by a State, or which has been purchased with the consent of a State for the erection of a fort, magazine, arsenal, dockyard, or other needful building or structure, the punishment for which offense is not provided for by any law of the

United States, the person committing such offense shall, upon conviction, in a Circuit or District Court of the United States for the district in which the offense was committed, be liable to and receive the same punishment as the laws of the State in which such place is situated now provide for the like offense when committed within the jurisdiction of such State, and the said courts are hereby vested with jurisdiction for such purpose; and no subsequent repeal of any such State law shall affect any such prosecution."

2. Sections 528 and 531 of the Penal Code of New York:

"Sec. 528. A person who, with the intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person—

"1. Takes from the possession of the true owner, or of any other person; or obtains from such possession by color or aid of fraudulent or false representation or pretense, or of any false token or writing; or secretes, withholds, or appropriates to his own use, or that of any person other than the true owner, any money, personal property, thing in action, evidence of debt or contract, or article of value of any kind; or,

"2. Having in his possession, custody, or control, as a bailee, servant, attorney, agent, clerk, trustee, or officer of any person, association, or corporation, or as a public officer, or as a person authorized by agreement, or by competent authority, to hold or take such possession, custody, or control, any money, property, evidence of debt or contract, article of value of any nature, or thing in action or possession, appropriates the same to his own use, or that of any other person other than the true owner or person entitled to the benefit thereof, steals such property and is guilty of larceny.

 *   *   *   *   *   *   *   *

"Sec. 531. A person is guilty of grand larceny in the second degree who, under circumstances not amounting to grand larceny in the first degree, in any manner specified in this article, steals or unlawfully obtains or appropriates:

"1. Property of the value of more than twenty-five dollars, but not exceeding five hundred dollars, in any manner whatever; or

"2. Property of any value, by taking the same from the person of another; or

"3. A record of a court or officer, or a writing, instrument, or record kept, filed, or deposited according to law, with, or in keeping of any public office or officer."

3. Section 5438, Revised Statutes, so far as applicable to these indictments:

"Every person who makes or causes to be made, or presents or causes to be presented, for payment or approval, to or by any person or officer in the civil, military, or naval service of the United States, any claim upon or against the Government of the United States, or any department or officer thereof, knowing such claim to be false, fictitious, or fraudulent, or who, for the purpose of obtaining or aiding to obtain the payment or approval of such claim, makes, uses, or causes to be made or used, any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry . . . every person so offending in any of the matters set forth in this section shall be imprisoned at hard labor for not less than one nor more than five years or fined not less than one thousand nor more than five thousand dollars."

*Mr. Holmes Conrad* for plaintiff in error:

Congress exercised its power under Art. I, § 8 of the Constitution in the law that now appears as § 5391, Rev. Stat., which provides that "if any offense be committed," etc. An offense is the doing what some penal law forbids to be done, or the omitting to do what that law commands to be done. No statute law of the United States has been found under which the acts charged in these indictments have been declared to be offenses. Wharton, Crim. Law, § 253, citing these cases. There can be no constructive offenses, and be-

fore a man can be punished, his case must be plainly and un-. mistakably within the statute. *United States* v. *Lacher*, 134 U. S. 628; *Pettibone* v. *United States*, 148 U. S. 203, and see *Ex parte Smith*, 94 U. S. 456.

Neither § 5391 or the act of July 7, 1898, declares the acts here charged to be offenses. They do not create any offense. The statute laws of New York cannot create offenses against the United States any more than the statute laws of the United States can create offenses against the State of New York. The acts charged may be offenses under the laws of the State of New York, but they are not, for that reason, punishable by the United States. The act does not purport to adopt the penal codes of the several States of the Union as penal laws of the United States as to all acts done on government reservations within the States. As to the question of the jurisdiction to try and punish for offenses committed within Government reservations, see *Fort Leavenworth R. R. Co.* v. *Lowe*, 111 U. S. 525; *Virginia* v. *Paul*, 148 U. S. 107.

A grand jury, whether of the State, or of the United States, is empaneled and sworn to inquire into and present offenses against that government only under whose authority it is summoned. Story on Const., § 1784.

The cases cited show that the questions involved are not so manifestly frivolous as to warrant the court in affirming the judgment.

If the facts can support any theory consistent with innocence, the defendant is entitled to the adoption of that theory. Every presumption is in his favor, and he is entitled, even on demurrer, to the benefit of every reasonable doubt.

The only cases offering any information as to the statutes are *United States* v. *Paul*, 6 Pet. 141, which simply decided that the act of 1825 was to be limited to the laws of the several States in force at the time of its passage, and *United States* v. *Barney*, 24 Fed. Cas. 1011; *United States* v. *Barnaby,* 51 Fed. Rep. 23, which simply followed the above decision. The act of 1825 does not define the "offenses" but

simply provides a punishment for those offenses defined by Congress, but for which Congress may have failed to prescribe specific punishment.

Words in a statute which have acquired a particular legal meaning are, when applied to the subject-matter as to which they have acquired such meaning, to be taken in their legal meaning. *The Abbotsford,* 98 U. S. 440; *Rice* v. *Minnesota &c. R. Co.,* 1 Black (U. S.), 58; *United States* v. *Jones,* 3 Wash. (U. S.) 209; *Brocket* v. *Ohio R. Co.,* 14 Pa. St. 241; *Western Union Tel. Co.* v. *Scircle,* 103 Indiana, 229; *Buckner* v. *Real Estate Bank,* 4 Arkansas, 441; *Hillhouse* v. *Chester,* 3 Day (Conn.), 211; *United States* v. *Smith,* 4 Day (Conn.), 121.

An offense is defined, at the common law, to be an act or omission forbidden by law and punishable upon conviction. See "Offense," Am. & Eng. Enc. of Law; Bouvier Law Dictionary; *People* v. *Hanrahan,* 75 Michigan, 611; *People* v. *Police Commissioners,* 39 Hun (N. Y.), 508; *Wragg* v. *Penn Township,* 95 Illinois, 18; *Moore* v. *Illinois,* 14 How. (U. S.) 19; *State* v. *Oleson,* 26 Minnesota, 516; *Reg.* v. *Sutcliffe,* 13 A. & E. 833.

The terms "crime," "offense," and "criminal offense" are all synonymous and ordinarily used interchangeably, and include any breach of law, established for the protection of the public, as distinguished from an infringement of mere private rights for which a penalty is imposed or punishment inflicted in any judicial proceeding. *State* v. *Cantieny,* 34 Minnesota, 1; *State* v. *West,* 42 Minnesota, 147; Wharton's Crim. Law, § 14.

*The Solicitor General* for the United States:

No fair question exists as to the jurisdiction of the Circuit Court of the United States for the Southern District of New York over this case. *United States* v. *Clark,* 71 Fed. Rep. 710; 6 Opin. Atty. Gen. 413, 419, opinion rendered October 20, 1909; and see *Coleman* v. *Tennessee,* 97 U. S. 509, 574; *Grafton* v. *United States,* 206 U. S. 333, 348.

The difference in the language used in Art. 62, § 1342, Rev. Stat., and that used in § 5438, Rev. Stat., and in § 2 of the act of July 7, 1898, clearly shows that it was the intention of Congress that offenses committed in violation of the latter statute should be punished by the civil courts.

No real constitutional question is here presented.

The contention that § 2 of the act of July 7, 1898, is unconstitutional because it undertook to delegate the power of legislation to the state legislatures is untenable. See *United States* v. *Paul*, 6 Pet. 141, 143, which has been cited with approval in a number of subsequent cases, both state and Federal. Rose's Notes on U. S. Rep., p. 239. There is no delegation to the States of authority in any way to change the criminal laws applicable to places over which the United States has jurisdiction. The act had precisely the same effect as if all the criminal statutes of such States, creating offenses for which punishment had not been provided by congressional legislation, had been set forth *in extenso* in the body of the act.

It is not necessary, therefore, to consider whether Congress has power to provide that laws afterwards passed by state legislatures shall be effective in places within the jurisdiction of the United States.

If this court can be said to have jurisdiction, yet the decision of the lower court is so manifestly right that the case should not be kept for further argument, but the judgment of the lower court should be affirmed.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

This is a writ of error brought directly to this court from the Circuit Court of the United States for the Southern District of New York, and the grounds upon which it is rested appear to be—

First. That under the sixty-second Article of War, § 1342, Revised Statutes, which reads:

"All crimes not capital,. and all disorders and neglects, which officers and soldiers may be guilty of, to the prejudice of good order and military discipline, though not mentioned in the foregoing Articles of War, are to be taken cognizance of by a general or a regimental, garrison, or field officers' court-martial, according to the nature and degree of the offense, and punished at the discretion of such court,"

a court-martial has exclusive jurisdiction of the offenses charged herein, inasmuch as plaintiff in error was an officer of the United States army; and,

Second. That the case involved the construction or application of the Constitution of the United States, and that the constitutionality of a law of the United States was drawn in question because, as is alleged, § 2 of the act of July 7, 1898, is unconstitutional, in that it undertakes to delegate the power of legislation to the state legislatures.

1. It is well settled that the sixty-second Article of War does not vest, nor purport to vest, exclusive jurisdiction in courts-martial, and that civil courts have concurrent jurisdiction over all offenses committed by a military officer which may be punished by a court-martial under the provisions of that article.

The thirtieth section of the act of March 3, 1863, c. 75, 12 Stat. 736, provided that in time of war, insurrection or rebellion certain offenses, including murder, "shall be punishable by the sentence of a general court-martial or military commission, when committed by persons who are in the military service of the United States, and subject to the Articles of War; and the punishments for such offenses shall never be less than those inflicted by the laws of the State, Territory, or district in which they may have been committed."

In *Coleman* v. *Tennessee*, 97 U. S. 509, it was held that this statute did not confer upon courts-martial exclusive jurisdiction for the trial of the offenses mentioned.

In *Grafton* v. *United States*, 206 U. S. 333, 348, it was expressly declared that the jurisdiction of courts-martial is not

exclusive. Undoubtedly the general rule is that the jurisdiction of civil courts is concurrent as to offenses triable before courts-martial. See Opinion of Attorney-General Cushing, 6 Op. A. G. 413, 419; *United States* v. *Clark,* 31 Fed. Rep. 710.

And in the present case the language of article 62 and that of § 5438, Revised Statutes, and of § 2 of the act of July 7, 1898, demonstrates that it was the intention of Congress that offenses committed in violation of the latter statute should be punished by the civil courts; to say nothing of the fact that it was expressly provided in § 2, and prior laws, that conviction should be "in a Circuit or District Court of the United States for the district in which the offense was committed."

There is absolutely nothing in the first proposition.

2. This is equally so of the intimated constitutional point.

By § 3 of the act of March 3, 1825, c. 65, 4 Stat. 115, it was provided:

"That, if any offense shall be committed in any of the places aforesaid, the punishment of which offense is not specially provided for by any law of the United States, such offense shall, upon a conviction in any court of the United States having cognizance thereof, be liable to, and receive the same punishment as the laws of the State in which such fort, dockyard, navy yard, arsenal, armory, or magazine, or other place, ceded as aforesaid, is situated provided for the like offense when committed within the body of any county of such State."

In *United States* v. *Paul,* 6 Pet. 141, 143, coming here on certificate of division, it was held by this court, speaking by Chief Justice Marshall, that the effect of this section was "limited to the laws of the several States in force at the time of its enactment;" and it followed that by this act Congress adopted for the government of the designated places, under the exclusive jurisdiction and control of the United States, the criminal laws then existing in the several States within which such places were situated, in so far as said laws were not displaced by specific laws enacted by Congress.

Section 2 of the act of July 7, 1898, c. 576, 30 Stat. 717, was

to the same effect, and, moreover, by express language Congress adopted such punishment as "the laws of the State in which such place is situated *now* provide for the like offense." There is, plainly, no delegation to the States of authority in any way to change the criminal laws applicable to places over which the United States has jurisdiction.

We give below the legislation on the subject.[1]

---

[1] On March 3, 1825, Congress passed, c. 65, 4 Stat. 115:

"Chap. LXV. An act more effectually to provide for the punishment of certain crimes against the United States, and for other purposes.

"Sec. 3. That, if any offense shall be committed in any of the places aforesaid, the punishment of which offense is not specially provided for by any law of the United States, such offense shall, upon a conviction in any court of the United States having cognizance thereof, be liable to, and receive the same punishment as the laws of the State in which such fort, dockyard, navy yard, arsenal, armory, or magazine, or other place, ceded as aforesaid, is situated, provide for the like offense when committed within the body of any county of such State."

On April 5, 1866, Congress enacted the following, c. 24, 14 Stat. 13:

"Chap. XXIV. An act more effectually to provide for the punishment of certain crimes against the United States.

"Sec. 2. That if any offense shall be committed in any place which has been, or shall hereafter be, ceded to, and under the jurisdiction of the United States, which offense is not prohibited, or the punishment thereof is not specially provided for by any law of the United States, such offense shall, upon conviction in any court of the United States having cognizance thereof, be liable to, and receive the same punishment as the laws of the State in which such place is, or may be situated, now in force, provide for the like offense when committed within the jurisdiction of such State; and no subsequent repeal of any such State law shall affect any prosecution for such offense in any of the courts of the United States."

This act was carried forward as § 5391 of the Revised Statutes, as follows:

"Sec. 5391. If any offense be committed in any place which has been or may hereafter be, ceded to and under the jurisdiction of the United States, which offense is not prohibited, or the punishment thereof is not specially provided for, by any law of the United States.

We are of opinion that the points attempted to be raised to justify jurisdiction are so unfounded in substance as to utterly fail of their purpose.

*Writ of error dismissed for want of jurisdiction.*

such offense shall be liable to, and receive, the same punishment as the laws of the State in which such place is situated, now in force, provide for the like offense when committed within the jurisdiction of such State; and no subsequent repeal of any such State law shall affect any prosecution for such offense in any court of the United States."

The act of July 7, 1898, c. 576, 30 Stat. 717, upon the same subject, reads:

"SEC. 2. That when any offense is committed in any place, jurisdiction over which has been retained by the United States or ceded to it by a State, or which has been purchased with the consent of a State for the erection of a fort, magazine, arsenal, dockyard, or other needful building or structure, the punishment for which offense is not provided for by any law of the United States, the person committing such offense shall, upon conviction in the Circuit or District Court of the United States for the district in which the offense was committed, be liable to and receive the same punishment as the laws of the State in which such place is situated now provide for the like offense when committed within the jurisdiction of such State, and the said courts are hereby vested with jurisdiction for such purpose; and no subsequent repeal of any such State law shall affect any such prosecution."

This section appears in the act of Congress, approved March 4, 1909, c. 321, 35 Stat. 1145, modifying, amending and revising the penal laws of the United States, to become effective January 1, 1910, as follows:

"SEC. 289. Whoever, within the territorial limits of any State, organized Territory, or District, but within or upon any of the places now existing or hereafter reserved or acquired, described in section two hundred and seventy-two of this act, shall do or omit the doing of any act or thing which is not made penal by any law of Congress, but which if committed or omitted within the jurisdiction of the State, Territory or District in which such place is situated, by the laws thereof now in force would be penal, shall be deemed guilty of a like offense and be subject to a like punishment; and every such State, Territorial or District law shall, for the purposes of this section, continue in force, notwithstanding any subsequent repeal or amendment thereof by any such State, Territory or District."