**UNITED STATES et al. v. MATTHEWS, Sheriff of Russell County, Ala.**

No. 61.

District Court, M. D. Alabama, E. D.

March 17, 1943.

E. Burns Parker, U. S. Atty., Hartwell Davis, Asst. U. S. Atty., both of Montgomery, Ala., and Reid B. Barnes, of Birmingham, Ala., for petitioners.

Wm. N. McQueen, Acting Atty. Gen., of Alabama, John O. Harris, Bernard F. Sykes, and George C. Hawkins, Asst. Attys. Gen., of Alabama, for respondent.

CHARLES B. KENNAMER, District Judge.

Henry E. Graziul, a member of the armed forces of the United States of America, stationed at Fort Benning, Georgia, was arrested by State of Alabama officers at Phenix City, Russell County, Alabama, on a charge of rape. After a preliminary hearing on said charge before a committing magistrate in and for Russell County, Alabama, Graziul was committed to the custody of the Sheriff of that county to await the action of a grand jury on said charge.

The commanding officers of the said Henry E. Graziul have filed in this court a petition praying that this court issue a writ of habeas corpus directed to H. R. Matthews, Sheriff of Russell County, Alabama, requiring him to produce the body of Henry E. Graziul before this court, and that said Sheriff be required to show just cause for the restraint, confinement and custody of said prisoner, and that upon a final hearing of the petition, the court declare and decree that the custody of Henry E. Graziul is wrongfully and illegally withheld from the United States of America, and that the military officers, as the representatives of the United States of America, are entitled to exercise military custody, control and discipline over him, and that the Sheriff of said county surrender the prisoner to the military authorities.

On this petition for a writ of habeas corpus this court issued a summons to the Sheriff of Russell County, Alabama, to appear and show cause if he saw proper to do so why the writ of habeas corpus should not issue. The Attorney General of Alabama, on the return day of such summons, appeared and filed the following motion to dismiss the petition for habeas corpus:

"Comes the defendant, H. R. Matthews and moves to dismiss the petition for a writ of habeas corpus heretofore filed and states as grounds the following:

"1. Said petition does not state facts sufficient to show that the writ of habeas corpus should be granted.

"2. For that it does not appear from said petition that Henry E. Graziul has been charged by the military authorities of the United States Army or by his Commanding Officer with any offense.

"3. For that it does not appear from said petition that Henry E. Graziul has been charged by the military authorities of the United States Army or by his Commanding Officer with the offense of rape.

"4. For that it does not appear that a general court martial has been appointed to try the said Henry E. Graziul for any offense.

"5. For that it does not appear that a general court martial has been appointed to try the said Henry E. Graziul for the offense of Rape.

"6. For it does not appear from said petition that Russell County, Alabama was, at the time of the alleged rape, and on February 19, 1943, occupied as enemy territory by the United States Army.

"7. For the said petition is not signed by Henry E. Graziul and no reason is shown in said petition for his not signing same.

"8. For that it affirmatively appears from said petition that the prisoner, Henry E. Graziul, is lawfully held in custody on a charge of rape by the State authorities.

"9. For that it affirmatively appears from said petition that the writ of habeas corpus should not be issued.

"Wherefore defendant moves that the petition for writ of habeas corpus be dismissed."

This motion was argued at length before the court on behalf of the State of Alabama by Mr. John O. Harris and Mr. Bernard F. Sykes, Assistant Attorneys General of Alabama, and Captain Reid B. Barnes, of the Judge Advocate General's Department, Mr. Burns Parker, United States Attorney, and Mr. Hartwell Davis, Assistant United States Attorney.

At the conclusion of the arguments, the court announced orally that the motion to dismiss the petition for the writ of habeas corpus, would be denied, but after further study and consideration of the matter, the court is now of the opinion that the motion to dismiss should be granted.

In the argument on behalf of the petitioners it is urged that in Article 74 of the Articles of War, as set out in Section 1546 of 10 U.S.C.A., priority is bestowed on the Military Authorities to have custody of all persons in the military service in time of war regardless of any crimes such persons may commit while engaged in such military service against the peace and dignity of the State. Much emphasis is placed on the words in this section "except in time of war."

■ This section and its history shows unmistakenly to this court that the section was designed only to modify what had theretofore been the absolute and unqualified duty of the military authorities to surrender over to the State authorities on demand, in time of peace and war, persons in the military service who were charged with certain offenses against the laws of the State. This language, "except in time of war," only relieved the military authorities of what had theretofore been its duty, upon proper application by the State, to use its utmost endeavor to deliver over such accused person to the civil authorities.

■ It is not contended on behalf of the petitioners that the military courts have the exclusive jurisdiction to bring a soldier to trial for the crime of rape. It is conceded that the State has jurisdiction to try him, but it is contended that by reason of the language in the statute "except in time of war," the jurisdiction of the State must be suspended or vacated on the demand of the military authorities for the custody of the soldier.

This is not a case of the State seeking to take away from the military authorities a soldier in the actual custody of such military authorities, but is just the opposite.

The military authorities in their petition are seeking to take from the custody of the State a soldier who is alleged to have committed a serious crime against the laws of the State and who is now held in legal custody by the State for trial by the State.

In the case of Coleman v. Tennessee, 97 U.S. 509, at page 514, 24 L.Ed. 1118, Justice Field uses this language: "With the known hostility of the American people to any interference by the military with the regular administration of justice in the civil courts, no such intention should be ascribed to Congress in the absence of clear and direct language to that effect."

Nowhere does this court find any clear and direct language by Congress empowering the military authorities with prior jurisdiction, as urged here.

In the petition before the court, it is nowhere set up that the soldier against whom the charge of rape is made by the State was acting within the line of his duty, and of course the charge being rape, it would be impossible to make such averment. Neither is it averred that petitioner seeks custody of the soldier for the purpose of bringing him to trial before any military court, or that complete and adequate justice would not be done the soldier in the State tribunals. No facts are averred in the petition that if proven would show any material interference with or impairment of the military service of the country by the State, who now has custody of the accused soldier, bringing the soldier to trial in the State Courts.

In the case of Caldwell v. Parker, 252 U.S. 376, 40 S.Ct. 388, 391, 64 L.Ed. 621, Chief Justice White writing the opinion for the court, discusses at length the proposition of whether the military courts have exclusive jurisdiction of such crimes as murder and rape committed by a soldier, and who is brought to trial in the State tribunals, and the doctrine of exclusive jurisdiction by military authorities is disposed of adversely to such contention. The concluding paragraphs to that opinion are as follows:

"And this conclusion harmonizes with the principles of interpretation applied to the Articles of War previous to 1916; Drury v. Lewis, 200 U.S. 1, 26 S.Ct. 229, 50 L.Ed. 343; Grafton v. United States, 206 U.S. 333, 27 S.Ct. 749, 51 L.Ed. 1084, 11 Ann.Cas. 640; Franklin v. United States, 216 U.S. 559, 30 S.Ct. 434, 54 L.Ed. 615; Steiner's Case, 6 Op.Atty.Gen. 413, and

is, moreover, in accord with the decided cases which have considered the contention of exclusive power in the military courts as resulting from the Articles of 1916 which we have here considered. People v. Denman [179 Cal. 497], 177 P. 461; Funk v. State [84 Tex.Cr.R. 402], 208 S.W. 509; United States v. Hirsch, D.C., 254 F. 109.

"It follows, therefore, that the contention as to the enlargement of military power, as the mere result of a state of war, and the consequent complete destruction of state authority, are without merit and that the court was right in so deciding and hence its judgment must be and it is affirmed."

Judgment of the Court.

It is, therefore, ordered, adjudged and decreed by the court that the motion to dismiss the petition for a writ of habeas corpus, be, and the same is, granted, and the petition for a writ of habeas corpus is, dismissed.