**Willis K. BAKER, Jr., and Mervin Bud Cornelsen, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 24387.**

United States Court of Appeals, Ninth Circuit.

July 17, 1970.

Rehearing Denied Aug. 21, 1970.

George T. Davis, San Francisco, Cal., for appellants.

Robert L. Meyer, U. S. Atty., James E. Shekoyan, Eric A. Nobles, Asst. U. S. Attys., Robt. L. Brosio, Chief, Criminal Division, Los Angeles, Cal., for appellee.

Before MADDEN,* Judge, United States Court of Claims, and MERRILL and TRASK, Circuit Judges.

## PER CURIAM.

This is an appeal from an order of the district court denying appellants' motion objecting to the court's jurisdiction. This motion was filed more than two years after trial.

Appellants were convicted at jury trial of conspiracy to receive, conceal and convert to their own use stolen United States government property in violation of 18 U.S.C. §§ 371 and 641. The judgment was affirmed on appeal. Baker v. United States, 393 F.2d 604 (9th Cir. 1968). The Supreme Court denied certiorari. 393 U.S. 836, 89 S.Ct. 110, 21 L.Ed.2d 106 (1968).

█ The district court denied appellants' motion on the grounds that it could not properly be considered under Rule 35, Fed.R.Crim.P., and that appellants did not file a motion for arrest of judgment within the time allotted in Rule 34, Fed.R.Crim.P. We agree with this disposition of the motion.

█ Treating appellants' motion as a petition pursuant to 28 U.S.C. § 2255[1] and considering it on the merits, appellants are not entitled to relief. Their sole contention is that the trial court erred in instructing the jury as follows:

> "It is not necessary that the Government prove that the defendants knew that the property belonged to the United States; it is only necessary to prove that the property belonged to the United States and that the defendants knew it was stolen."

No objection was made to this instruction at trial. Moreover, it is a correct statement of the law. Knowledge that stolen property belonged to the government is not an element of the offense. The sole reason for including the requirement that the property belongs to

the government is to state the foundation for federal jurisdiction. *See* United States v. Howey, 427 F.2d 1017 (9th Cir. 1970). *See also* United States v. Bolin, 423 F.2d 834, 837 (9th Cir. 1970).

Affirmed.

---

* Honorable J. Warren Madden, Senior Judge, United States Court of Claims, sitting by designation.

1. We note that the District Court properly declined to consider the motion as a § 2255 petition as appellants were not then, nor presumably are now, in custody.