CCM:af

Donald Lee **SHIRLEY**

v.

**UNITED STATES of America.**

Civ. No. 3–75–262.

United States District Court,
E. D. Tennessee, N. D.

Oct. 7, 1975.

Donald Lee Shirley, pro se.

W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Before the Court is petitioner's motion to set aside his plea of guilty and vacate a judgment of conviction thereon pursuant to 28 U.S.C. § 2255. Petitioner was indicted on November 6, 1974, for armed robbery in the Great Smoky Mountains National Park. 18 U.S.C. §§ 7, 13; Tenn.Code Ann. § 39–3901. A plea of guilty was entered to the one-count indictment on December 3, 1974, pursuant to a plea bargaining agreement. Petitioner was sentenced to a term of not less than five nor more than seven years with parole eligibility to be determined by the Board of Parole.

Petitioner attacks his sentence on the following grounds:

(1) The federal court did not have jurisdiction of the offense charged in the indictment; and

(2) the guilty plea was not voluntary because petitioner was advised that the maximum penalty was electrocution.

[1, 2] A motion to vacate and set aside a sentence based on an alleged deficiency in the indictment will not be granted, absent exceptional circumstances. *Alley v. United States*, 426 F. 2d 877 (8th Cir. 1970). Want of jurisdiction over the subject matter is, however, one of these exceptional circumstances. *Hill v. United States*, 368 U.S. 424, 426, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *Baker v. United States*, 429 F.2d 1278 (9th Cir.) *cert. den.* 400 U.S. 957, 91 S.Ct. 354, 27 L.Ed.2d 265 (1970); 8A Moore's Federal Practice—Criminal Rules ¶ 34.02 (2d ed. 1975).

Petitioner was charged with robbery pursuant to the Assimilative Crimes Act, 18 U.S.C. § 13, which provides as follows:

"Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment."

The Tennessee robbery statute provides:

"39–3901. *Robbery—Penalty.*—Robbery is the felonious and forcible taking from the person of another, goods or money of any value, by violence or putting the person in fear. Every person convicted of the crime of robbery shall be imprisoned in the penitentiary not less than five (5) nor more than fifteen (15) years; provided, that if the robbery be accomplished by the use of a deadly weapon the punishment shall be imprisonment for life or for any period of time not less than ten (10) years."

Petitioner's contention, as we understand it, is that since Congress has enacted a robbery statute, 18 U.S.C. § 2111, the jurisdiction of the Court could only have been invoked by indicting him under that statute. Section 2111 provides as follows:

"Whoever, within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, takes from the person or presence of another anything of value, shall be imprisoned not more than fifteen years."

The Government concedes in its Supplemental Response that if the same act is proscribed in both the Tennessee and Federal robbery statutes, the petitioner should have been charged under the Federal statute and the Assimilative Crimes Act would not have been applicable. This conclusion is mandated by the Supreme Court's interpretation of that statute in *United States v. Sharpnack,* 355 U.S. 286, 78 S.Ct. 291, 2 L.Ed.2d 282 (1958).

"  .  .  . Congress has recognized a slowly increasing number of federal crimes in the field of major offenses by enacting for the [Federal] enclaves specific criminal statutes which have defined those crimes and, to that extent, have *excluded* the state laws from that field." (Emphasis added). 355 U.S. at 289, 78 S.Ct. at 293.

*See also: United States v. Patmore,* 475 F.2d 752 (10th Cir. 1973).

■ Tennessee's robbery statute addresses itself to both "simple" and "armed" robbery and provides enhanced punishment for the latter. *See State ex rel. Anderson v. Winsett,* 217 Tenn. 564, 399 S.W.2d 741 (1965). Since punishment for this aggravated form of robbery requires proof that a deadly weapon was utilized, Congress has not made penal by Section 2111 the "precise acts upon which the conviction depends .  .  . ", and it was therefore not improper for the Government to proceed under the Tennessee armed robbery statute. *See Williams v. United States,* 327 U.S. 711, 717, 66 S.Ct. 778, 781, 90 L.Ed. 962 (1946); *Fields v. United States,* 438 F.2d 205 (2d Cir.) *cert. den.* 403 U.S. 907, 91 S.Ct. 2214, 29 L.Ed.2d 684 (1971); *United States v. Jones,* 244 F. Supp. 181 (S.D.N.Y.), *aff'd* 365 F.2d 675 (2d Cir. 1965).[1]

■ Petitioner's second contention is without merit. A transcript of the proceedings at sentencing was filed as Exhibit A to the petition. It reveals that prior to the entry of the guilty plea the Government filed a Bill of Particulars to the indictment which provided that the prosecution would not seek to prove the commission of the robbery by use of a deadly weapon.[2] Thus, petitioner faced a maximum punishment of fifteen years pursuant to Tenn.Code Anno. 39–3901 when he entered his guilty plea and was so informed in open court prior to the plea. Furthermore, even if a defendant

---

1. Congress has made provision in the Federal Bank Robbery Act for enhancement of the punishment if a deadly weapon is used in the robbery. 18 U.S.C. § 2113(d). Presumably the same type of provision could have been added to the federal robbery statute (18 U.S.C. § 2111) had Congress chosen to do so.

2. It appears that the Government and petitioner's counsel were under the mistaken impression that the maximum punishment under Tenn.Code Anno. 39–3901 was electrocution. The statute had been amended in 1973 reducing the maximum punishment from electrocution to life imprisonment.

believes that the maximum punishment may be electrocution, this fact alone does not invalidate a guilty plea which is properly entered. *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The transcript of the proceedings at sentencing shows that petitioner voluntarily and understandingly entered a plea of guilty to the indictment.

Accordingly, for the reasons set out above petitioner's motion to set aside his guilty plea and vacate his conviction must be denied.

Order accordingly.