UNITED STATES

v.

Specialist Four Stephen L. SELLARS, 457–84–2836, U. S. Army, Company E, 17th Engineer Battalion, 2d Armored Division, Fort Hood, Texas, 76546.

CM 435140.

U. S. Army Court of Military Review.

Sentence Adjudged 22 June 1976.

Decided 31 Jan. 1977.

Appellate Counsel for the Accused: CPT James Reasner, JAGC; CPT D. David Hostler, JAGC; LTC John R. Thornock, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Richard A. Gallivan, JAGC; CPT Gary F. Thorne, JAGC; MAJ John T. Sherwood, Jr., JAGC; COL Thomas H. Davis, JAGC.

OPINION OF THE COURT

Before JONES, FULTON and FELDER, Appellate Military Judges.

FELDER, Judge:

Pursuant to pleas of guilty, the appellant was convicted of larceny and vehicle burglary in violation of Articles 121 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 921 and 934. The approved sentence requires this Court to review the case pursuant to Article 66, UCMJ, 10 U.S.C. § 866.

The appellant explained to the trial judge during the providency inquiry that at Fort Hood, Texas, he entered an unlocked private automobile and stole two citizens band radios and a microphone. The automobile, one radio and the microphone were owned by a staff sergeant. The other radio belonged to a civilian. The total value of the stolen property was about $225.00.

The controversy before this Court surrounds the validity of the conviction for vehicle burglary. In military law the unlawful entry of a private automobile is not an offense punishable under either Article 130, UCMJ, 10 U.S.C. § 930, (Housebreaking) or Article 134, UCMJ, as conduct prejudicial or discrediting to the armed forces. The law governing unlawful entry protects real property or such personal property as is customarily used for habitation or storage. Congress and the framers of the Manual for Courts-Martial, United States, 1951, deliberately excluded automobiles as objects of unlawful entry. *United States v. Gillin*, 8 U.S.C.M.A. 669, 25 C.M.R. 173 (1958).[1]

For this reason, the appellant was charged under the crimes and non-capital offenses subsection of Article 134 with violating the vehicle burglary provision of the Texas Penal Code, which provides:

(a) A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft.

(b) For purpose of this section, "enter" means to intrude:

(1) any part of the body; or

(2) any physical object connected with the body.

(c) An offense under this section is a felony of the third degree. [Texas Penal Code, § 30.04].

Violation of the Texas statute was prosecuted under Article 134 because the statute was adopted as federal law pursuant to Title 18, United States Code, section 13, the Assimilative Crimes Act. This Act declares:

Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

In *Williams v. United States*, 327 U.S. 711, 718, 719, 66 S.Ct. 778, 782, 90 L.Ed. 962 (1946), Mr. Justice Burton stated, "it is natural for Congress from time to time . . . to use local statutes to fill in gaps in the Federal Criminal Code where no action by Congress has been taken to define the missing offense." *Accord Franklin v. United States*, 216 U.S. 559, 568, 30 S.Ct. 434, 54 L.Ed. 615 (1910). Prosecution under the Assimilative Crimes Act is not for the enforcement of state statute but for the enforcement of federal law adopted from the state. *Puerto Rico v. Shell Co.*, 302 U.S. 253, 266, 58 S.Ct. 167, 82 L.Ed. 235 (1937); *United States v. Rowe*, 13 U.S.C.M.A. 302, 310, 32 C.M.R. 302, 310 (1962).

It is clear that the conduct of the appellant is prohibited by Texas law. So the issue we encounter is whether he should have been prosecuted in the military for violating an assimilated state law, when

---

1. Judge Latimer advanced two possible remedies available to the military when an offender enters a private automobile. If the automobile itself or any property is taken from it, larceny may be charged; and if the automobile is damaged, a violation of Article 109, UCMJ, 10 U.S.C. § 909, may be alleged.

Congress has declined to include automobiles within the protection of its unlawful entry laws.[2] We decide it was proper to do so.

The case of *Williams v. United States, supra,* involves the federal prosecution under Arizona law of a married man for statutory rape committed on an Indian reservation. Arizona law fixed eighteen as the age of consent but a federal statute made it sixteen. The unmarried female victim was between sixteen and eighteen years old. The Supreme Court in reversing the conviction held that the Assimilative Crimes Act does not make the Arizona statute applicable because: (1) the precise acts upon which the conviction depends have been made penal as adultery by the federal laws of Congress; and (2) the offense known to Arizona as statutory rape has been defined and prohibited by the Federal Criminal Code, and it is not to be redefined and enlarged by application of the Assimilative Crimes Act. The opinion emphasizes that simply because the definition of statutory rape as enacted by Congress results in a narrower scope than that given to it by the State, it does not mean that the congressional definition must give way to the State definition.

We do not believe the decisions in *Williams* and *Gillin* control this case. First, the precise acts involved here are not made punishable by the Code and a state statute may be assimilated where there is no existing federal law that punishes the exact acts alleged. *See Evans v. Cornman,* 398 U.S.

419, 424, 90 S.Ct. 1752, 26 L.Ed.2d 370 (1970); *United States v. Sharpnack,* 355 U.S. 286, 287, 78 S.Ct. 291, 2 L.Ed.2d 282 (1958); *United States v. Picotte,* 12 U.S.C. M.A. 196, 30 C.M.R. 196 (1961). Secondly, the Texas statute was enacted specifically to protect automobiles, a type of personalty not normally used for living or storage. The purpose of the statute is different from that intended in the congressional enactment of Article 130, UCMJ (housebreaking) or the framers of the Manual inclusion of unlawful entry under Article 134, UCMJ.

In our opinion, assimilating the Texas vehicle burglary statute is akin to the adoption of the Colorado kidnapping statute in *United States v. Picotte, supra,* even though both the Uniform Code of Military Justice (Article 97, 10 U.S.C. § 897) and the United States Code (Section 1201, Title 18) contain a kidnapping or related provision.[3] As the Colorado kidnapping law pertained to acts not precisely covered by federal enactments, so the Texas penal provision covers conduct not specifically proscribed by the Uniform Code of Military Justice.[4]

Finally, assimilating the Texas law does not amount to judicial legislation, i. e., enlarging the category of protected objects under the Uniform Code of Military Justice because such legislating was done by Congress in enacting 18 U.S.C. § 13. The fact that Congress did not protect automobiles in either the housebreaking or unlawful en-

---

**2.** The unlawful entry of a private vehicle is not a crime under the United States Code or the District of Columbia Code.

**3.** The Colorado statute and United States Code define kidnapping as the forcible abduction, seizure and carrying away or stealing of a person. Unlike the Colorado statute, the United States Code requires a movement into interstate commerce and a demand for ransom as elements of the offense. Article 97, UCMJ, on the other hand, is a different and less serious offense. It simply prohibits the unlawful detention of a person. Force and movement are not required.

**4.** The Government was permitted, for example, to assimilate the following state statutes: a state law that prohibited a battery involving shooting although there was a federal statute

against assaults (*Fields v. United States,* 438 F.2d 205 (2d Cir. 1971), *cert. denied,* 403 U.S. 907, 91 S.Ct. 2214, 29 L.Ed.2d 684 (1971)); a state armed robbery statute when there was a federal robbery statute that did not require the use of a deadly weapon (*Shirley v. United States,* 404 F.Supp. 675 (E.D., Tenn.1975)); a state law against possession of marihuana although there was a federal law against the smuggling, acquisition, transportation or concealment of untaxed marihuana (*United States v. Chapman,* 321 F.Supp. 767 (E.D., Va. 1971)); and a state disorderly conduct statute when the Government could have proceeded under the federal law that proscribed picketing or parading near a federal court house (*United States v. Jones,* 244 F.Supp. 181 (S.D., N.Y. 1965), *aff'd* 365 F.2d 675 (2d Cir. 1965)).

try provisions does not mean that Congress could not protect them by some other law (18 U.S.C. § 13). The Assimilative Crimes Act can make punishable under the third clause of Article 134, UCMJ, conduct violative of state law which would not otherwise be an offense under the first or second clause of the general article.

We must now consider the maximum imposable period of confinement in this case. The Texas Penal Code provides for the maximum of ten years imprisonment for vehicle burglary. Both parties to the trial considered the offenses of larceny and vehicle burglary as multiplicious for sentencing; thereby, merging the lesser offense (larceny) into the greater. The trial judge disagreed with them but acceded to their positions and ruled ten years confinement to be the maximum imposable.

 We agree that ten years confinement was the maximum imposable but for different reasons. The Texas vehicle burglary statute is similar to Article 130, UCMJ (Housebreaking). Both require an unlawful entry with intent to commit a criminal offense and a freight car, a houseboat, an inhabitable trailer or an enclosed truck containing goods may be the subject of housebreaking. Paragraph 209, Manual for Courts-Martial, United States, 1969 (Revised edition). Whenever a service member is convicted by court-martial for a civilian offense that is closely related to a military offense, the maximum imposable sentence is the lesser of the two punishments. *United States v. Picotte, supra,* at 200, 30 C.M.R. at 200; paragraph 127c, M.C.M., 1969 (Rev. ed.) Therefore, the period of confinement for vehicle burglary, is limited to that imposable for housebreaking, which is five years as listed in the Table of Maximum Punishments.

The trial judge was correct in his opinion that the offenses are not multiplicious. *See United States v. Weaver,* 18 U.S.C.M.A. 173, 39 C.M.R. 173 (1969); *United States v. Gibson,* 3 U.S.C.M.A. 746, 14 C.M.R. 164 (1954); *United States v. Haltiwanger,* 50 C.M.R. 255 (A.F.C.M.R.1975). This means that the appellant could have received five years confinement for each of the offenses. Since we reach the same result as the trial court, we find no error that affected the providency of the pleas.

The findings of guilty and the sentence are affirmed.

Senior Judge JONES and Judge FULTON concur.