UNITED STATES, Appellee,

v.

Specialist Four Gregory E. BENOIT, 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, United States Army, Appellant.

CM 446495.

U.S. Army Court of Military Review.

31 Oct. 1985.

For Appellant: Captain Kevin T. Lonergan (argued). Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Donna Chapin Maizel, JAGC (on brief).

For Appellee: Major Byron J. Braun, JAGC (argued). Colonel James Kucera, JAGC, Lieutenant Colonel Joseph A. Rehyansky, JAGC, (on brief).

Before YAWN, WILLIAMS, and KENNETT, Appellate Military Judges.

**580**

OPINION OF THE COURT

YAWN, Senior Judge:

Before a general court-martial at Fort Lewis, Washington, the appellant was found guilty, pursuant to his pleas, of distribution of lysergic acid diethylamide and possession of marijuana in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (1982). The court members sentenced appellant to a bad-conduct discharge, confinement at hard labor for two years, total forfeitures, and reduction to the grade of Private E–1. The convening authority reduced the confinement at hard labor to one year and one day, but otherwise approved the adjudged sentence.

█ Appellant complains before this court for the first time that he was denied military due process because five of thirteen court members were absent. These five members had been excused pursuant to an automatic excusal policy established by the convening authority.[1] We find that trial defense counsel waived[2] any objection to the composition of the court-martial.

The excusal policy in question was set out in a memorandum from the convening authority describing the selection of new court-martial panels. This policy automatically excused members from courts-martial when the members were "on leave, TDY [temporary duty], or absent from Fort Lewis ...," provided the chief of military justice had been notified.[3] Of the five members absent from appellant's trial, one was TDY, one had been transferred to a new station, and three were at the Yakima Firing Center, approximately 120 miles from Fort Lewis.

When the military judge noted the five members' absence, he ordered a recess and directed trial counsel to provide the court information concerning the propriety of their excusal. The judge also directed defense counsel to research the matter. When the court reconvened and information was introduced regarding the automatic excusal policy, the military judge stated, "It appears that the members have been properly excused. Do you have any disagreement with that, Defense?" Defense counsel replied, "No, Your Honor." The trial then proceeded through sentencing.

In *United States v. Allen*, 5 C.M.A. 626, 18 C.M.R. 250 (1955), the Court of Military Appeals considered the possibility of error where court members were excused by someone other than the convening authority. There, one-half of the appointed members had been excused from attendance by action of the staff judge advocate, his executive officer, or some other official separate from the convening authority. Chief Judge Quinn, in his concurring opinion, stated:

> If a member is absent without excuse by the convening authority, the accused may object to further proceedings. However, if he does not object, unauthorized absence of a member will not deprive the court of the right to proceed.

*Id.,* 18 C.M.R. at 264. Because Allen had objected at trial, Chief Judge Quinn held, he preserved his right to be tried by a court composed of members appointed by the convening authority not lawfully absent or excused. Subsequent cases where members were excused have likewise applied this waiver analysis. *See United States v. Cross*, 50 C.M.R. 501, 503 (A.C.M.R.1975); *United States v. Vaul*, 5 M.J. 810 (A.F.C.M.R.), *pet. denied,* 6 M.J. 156 (C.M.A.1978) (because objection to military judge excusing members was untimely, issue was waived).

The above cases are instructive. We choose, however, to base our application of

1. The record indicates that none of the absent members were excused pursuant to the convening authority's ability to delegate authority to excuse members. *See* Article 25(c), UCMJ, 10 U.S.C. § 825(c); RCM 505(c)(1)(B), Manual for Courts-Martial, United States, 1984.

2. Absence of detailed members does not constitute jurisdictional error. *United States v. Colon,* 6 M.J. 73 (C.M.A.1978).

3. The record fails to indicate whether the chief of military justice exercised any discretion in approving absences.

the waiver doctrine on principles set out in the Manual for Courts-Martial, United States, 1984 [hereinafter cited as MCM, 1984]. Many provisions of the MCM, 1984, provide for the application of waiver. *See e.g.* Rules for Courts-Martial [hereinafter cited as RCM] 801(g) (failure to raise defenses or motions); 905(c) (failure to raise motions in general); 907(b)(2) (failure to raise speedy trial motion); and, 919(c) (failure to object to argument). Military Rule of Evidence 103 also dictates that an untimely objection or motion may result in waiver. These provisions indicate the drafter's recognition that military defense counsel need not be protected by paternalistic appellate courts. Moreover, the interests of justice may suffer when errors are entertained for the first time on appeal.[4]

RCM 912 sets out procedures for challenging the selection of court members. Specifically, RCM 912(b)(1) requires that prior to *"voir dire,"* a party may move to stay the proceedings on the ground that members were selected improperly. Failure to make a timely motion under this section waives improper selection. RCM 912(b)(3); MCM 1984. Although RCM 912 discusses only the selection process, similar analysis should apply to an excusal process. An objection to either the selection or excusal of panel members is essentially a challenge of the composition of the panel. Consistency dictates that the rationale of RCM 912(b)(3) applies equally to both selection and excusal. Thus, when defense counsel here failed to object to the automatic excusal policy, further review of the issue was waived. *See United States v. Perl,* 2 M.J. 1269, 1272 (A.C.M.R.1976), *aff'd.* 8 M.J. 24 (C.M.A.1979) (any defect in selection of the court waived by affirmatively stating satisfaction that the panel had been appointed in compliance with Article 25, UCMJ), *cf. United States v. Quarles,* 387 F.2d 551, 556 (4th Cir.1967).

Because of our resolution of the asserted issue, we are not required to determine the legality of the excusal of members in this case. We note, however, that the court member selection process at Fort Lewis has not been without criticism. This court, in *United States v. Crumb,* 10 M.J. 520, 526 (A.C.M.R.1980) (Jones, S.J., concurring), sharply criticized the selection and replacement process then utilized at Fort Lewis. The United States Court of Military Appeals "cast a jaundiced eye" toward the Fort Lewis selection process in *United States v. Cherry,* 14 M.J. 251, 252 (C.M.A. 1982). Finally, and most recently, the Fort Lewis court member selection process was again before this court. *United States v. Jamison,* 18 M.J. 540 (A.C.M.R.1984). Although the case at hand concerned an excusal policy, the significance of these opinions is clear. Inasmuch as the matter was not litigated at trial, we do not have before us sufficient evidence to determine whether the excusal process *sub judice* could withstand timely challenge.

The findings of guilty and the sentence are affirmed.

Judge WILLIAMS and Judge KENNETT concur.

---

4. *See* Saltzburg, Schinasi, Schlueter, *Military Rules of Evidence,* Rule 103 (Supp.1985).