UNITED STATES of America,
Plaintiff–Appellee,

v.

Ramon SOTO, aka Mony,
Defendant–Appellant.

No. 01–50115.

D.C. No. CR–98–00968–JSR.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.\*

Decided Sept. 17, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

### MEMORANDUM \*\*

Ramon Soto appeals pro se the district court's denial of his motion to dismiss the indictment for lack of jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

On February 3, 2000, a judgment was entered against Soto imposing a 169–month sentence. We subsequently dismissed his appeal as untimely on July 20, 2000. Soto then filed a pro se motion in district court captioned: *"MEMORANDUM OF POINTS AND AUTHORITIES TO DISMISS THE INDICTMENT IN THE INSTANT MATTER BASED UPON LACK OF JURISDICTION. THIS IS A CRIMINAL CASE MOTION AND IS NOT, AND SHOULD NOT, BE CONSTRUED BY THE COURT AS A PETITION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255."*

Soto contends the district court erred by failing to construe the filing as a 28 U.S.C. § 2255 motion. In *United States v. Seesing*, 234 F.3d 456, 464 (9th Cir.2001), we stated that "[w]hen presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion."

The district court was not required to engage in this inquiry, however, because Soto stated on the face of his motion that it was not to be construed as a 28 U.S.C. § 2255 petition. In the alternative, the district court was correct to construe the filing as a motion to arrest judgment pursuant to Rule 34 of the Federal Rules of Criminal Procedure. Accordingly, we affirm the district court's denial of the motion as untimely. *See* Fed.R.Crim.P. 34; *Baker v. United States*, 429 F.2d 1278, 1279 (9th Cir.1970).

**AFFIRM.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.