UNITED STATES of America, Plaintiff—Appellee,

v.

Cyrus D.A. BRASWELL, Defendant— Appellant.

No. 00–30370.

D.C. No. CR–97–00068–A–JKS.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 5, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Cyrus D.A. Braswell appeals pro se the district court's denial of his motions for

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2). Accordingly, Braswell's request for oral argument is denied.

\** This disposition is not appropriate for publi-

judgment of acquittal, arrest of judgment, or new trial, as well as for return of property and change of venue.[1] To the extent we have jurisdiction under 28 U.S.C. § 1291, we affirm.[2]

As an initial matter, Braswell contends the district court's denial of his motion for a change of venue was in error. *See* Fed. R.Crim.P. 21. Reviewing for an abuse of discretion, *see United States v. Etsitty*, 130 F.3d 420, 424 (9th Cir.1997), we find none.

Braswell next contends that the district court erred by denying his motion for acquittal and motion for arrest of judgment. Because these motions were not filed within 7 days of the verdict, the district court correctly denied them as untimely. *See* Fed.R.Crim.P. 29, 34; *Carlisle v. United States*, 517 U.S. 416, 421, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996); *Baker v. United States*, 429 F.2d 1278, 1279 (9th Cir.1970) (per curiam).

Braswell further contends that the district court erred by denying his motion for a new trial. The district court correctly found the motion timely because it was based upon newly discovered evidence and filed within 3 years of the trial date. *See* Fed.R.Crim.P. 33. Because of the strong corroborating evidence and overwhelming evidence of guilt, we conclude that the district court did not abuse its discretion by finding that the newly discovered evidence does not warrant a new trial. *See United States v. Kulczyk*, 931 F.2d 542, 549 (9th Cir.1991).

Braswell's final contention is that the district court erred by denying his motion for a return of property. *See* Fed. R.Crim.P. 41(e). We review a district court's denial of a Rule 41(e) motion de novo, and the underlying findings of fact for clear error. *See United States v. Marolf*, 173 F.3d 1213, 1216 (9th Cir.1999). Again, because of the strong corroborating evidence and overwhelming evidence of guilt, and notwithstanding Braswell's newly discovered evidence, we determine that the district court's findings of fact were not clearly erroneous, and that it did not err by denying the motion for return of property.

AFFIRMED.

cation and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We refuse to consider any of Braswell's sentencing issues because he could have raised them in his prior appeal. *See United States v. Nagra*, 147 F.3d 875, 882 (9th Cir. 1998).

2. On April 12, 2002, we remanded this appeal to the district court to give Braswell an opportunity to show cause why his notice of appeal that was filed more than 10 days after the entry of the final judgment was not untimely. *See* Fed. R.App. P. 4(b)(1)(A), (b)(4). The district court, in an order dated May 23, 2002, found there was excusable neglect for the delay and extended the filing period making this appeal timely.